**Chester Soto DOMINGUIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36192.

Court of Criminal Appeals of Texas.

Dec. 4, 1963.

No attorney for appellant on appeal.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Joe C. Shaffer and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is unlawfully possessing a narcotic drug, to-wit: morphine; the punishment, confinement in the penitentiary for forty-five (45) years.

Police Officers Shelton and Hightower testified that they had received information from a credible person that the appellant had narcotics in his possession and would be at a particular location in Harris County, Texas. They further testified that they proceeded to this location where they found the appellant, proceeded toward him, and observed him swallow a white cellophane paper which he held at the time he was approached. Each officer testified that the appellant voluntarily consented to the extraction of the white cellophane paper by means of a stomach pump, or by means of voluntary regurgitation produced by a saline solution. The appellant was taken to the hospital where each of the officers observed the appellant drink the saline solution, which was administered by the doctor in attendance at the emergency room. The subsequent regurgitation produced the white cellophane paper which the officers identified as the same paper the appellant had swallowed earlier. This paper was placed in an envelope, identified by the initials of each of the officers, the appellant's name and date, and deposited in a locked container in the Narcotics Division.

Mr. Robert F. Crawford, chemist in the City of Houston Police Department Criminal Laboratory, testified that he recovered the envelope containing the white cellophane paper from the locked container, and conducted a chemical analysis of the contents, which he determined to be approximately .9 grams of 17% pure morphine.

Mr. Frank Keegan, Deputy District Clerk of Harris County, Texas, testified that the documents pertaining to the instant case, over which he had care, custody and control, indicated that the offense occurred on the 23rd day of September, 1958; that the case was previously set for trial April 20, 1959, on which date a bond forfeiture was declared, and that a new bond was executed on the 4th day of June, 1962.

The appellant did not testify and offered no evidence. No exceptions nor objections were taken to the Court's charge. The appellant has not favored us with a brief.

■■ The arrest and search of the appellant was lawful, and the evidence is amply sufficient to support the verdict of the jury; Sanders v. State, 166 Tex.Cr.R. 255, 312 S.W.2d 640; Slaughter v. State, 166 Tex.Cr.R. 403, 314 S.W.2d 92; and Bridges v. State, 166 Tex.Cr.R. 556, 316 S.W.2d 757.

■ Appellant complains of the action of the trial court in permitting the Deputy District Clerk of Harris County to testify as to the information reflected by the Clerk's records indicating a prior bond forfeiture and the execution of a new bond. Evidence that the appellant forfeited his bail bond is clearly admissible to show flight; Dickens v. State, 121 Tex.Cr.R. 298, 53 S.W.2d 41; Tindall v. State, 146 Tex.Cr.R. 245, 172 S.W.2d 328; Williams v. State, 148 Tex. Cr.R. 427, 187 S.W.2d 667; Henderson v. State, 163 Tex.Cr.R. 153, 289 S.W.2d 274.

■ Appellant further complains of the action of the Court in overruling his motion to quash the indictment. Appellant's motion to quash does not constitute an informal bill of exception reviewable by the Court for the reason that it does not contain an order of the Court thereon and appellant's exception to the ruling of the Court. Such an order and exception are required under Article 760e, Vernon's Ann.C.C.P., to constitute an informal bill of exception to the court's action in overruling the motion.

Crawford v. State, 165 Tex.Cr.R. 147, 305 S.W.2d 362; Brooks v. State, 170 Tex.Cr. R. 555, 342 S.W.2d 439, Article 760e, V.A. C.C.P.

Finding no reversible error, the judgment is affirmed.