Raymond Edwin HAFTI, Appellant,

v.

The STATE of Texas, Appellee.

No. 40262.

Court of Criminal Appeals of Texas.

June 28, 1967.

Rehearing Denied July 26, 1967.

Orville A. Harlan (By Appointment), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Bob Musslewhite, Asst. Dist. Attys., Frank Briscoe, Former Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery with firearms; the punishment, death.

The motion for new trial was overruled and notice of appeal was given before January 1, 1966.

The testimony of the state reveals that about 5 p. m., Saturday, September 19, 1964, the appellant shot Manager Vann of a food store three times with a .38 caliber pistol, kicked Vann while on the floor, making him assist in opening the cash register, and then he took all the currency from it, without Vann's consent after putting him in fear of serious bodily injury and his life.

The appellant did not testify or offer any affirmative defense.

The appellant urges as a ground for reversal that, the trial court erred in permitting the state to introduce evidence of an extraneous offense, that is, the commission of robbery or theft by him in obtaining possession of the pistol used by him in the robbery of Vann at the store.

In the development of its case in chief, the state's witness, Frank Vivian testified that he was the owner of the .38 caliber pistol, which had been identified as the pistol used by the appellant in the alleged robbery of Vann, on September 19; that he had possession of it on September 14; that on that day it was in his place of business (an ice house); that the appellant came into his ice house and remained therein for about fifteen minutes; that the pistol in the ice house on that occasion was loaded; and that after the appellant left, the pistol was gone.

While testifying, Manager Vann and three customers of the store identified the appellant as the person who entered the store about 5 p. m., September 19, and exhibited a pistol at the cash register counter. One of the three customers testified that he also saw what appeared to be a pistol in appellant's right front pocket. Another witness testified that he lived across the street from Vann's store, that he knew the appellant, and that after hearing two shots he saw the appellant run from the store with a pistol in his hand.

Officer Brannon testified that at the direction of the appellant he found a .38 caliber pistol in appellant's bedroom in his house, which the appellant then said that he used to shoot Vann during the robbery of Vann's store.

The appellant objected to the testimony showing his presence at the ice house, on September 14, at the time of the loss from the ice house of the pistol used in the commission of the robbery of Vann's store on September 19, on the ground that it was immaterial, prejudicial, and proved the commission by him of another and extraneous offense.

It is a fundamental rule of law that one accused of crime is to be tried for the offense charged and none other. Proof, then, of the commission by the accused of other and extraneous crimes becomes admissible only as an exception to the rule stated.

Exceptions to the rule are recognized where the extraneous crime is a part of the res gestae, or tends to show intent or identity, when either or both are an issue, or tends to connect the defendant with the

offense for which he is upon trial. 1 Branch 2d 200, Sec. 188.

In determining whether any exceptions exist which would authorize proof of extraneous crimes, the facts of the case must be examined and considered.

It is obvious that the taking of the pistol by the appellant, if he did, from Vivian at the ice house on September 14, was not a part of and, therefore, res gestae of the robbery of Vann at the store on September 19.

Manager Vann and three customers of the store positively identified the appellant as the robber. Another witness, who knew the appellant, saw him run from the store with a pistol in his hand. While showing Officer Brannon the location of the pistol that he said he used to shoot Vann, he also told Brannon that he robbed Vann. .

The appellant did not testify, or offer any testimony in his own behalf, the court's charge does not contain any defensive instruction, and there is no complaint of its failure to do so.

The evidence raises no affirmative issue as to identity, intent, res gestae, or appellant's connection with the offense for which he is upon trial.

The rule appears to be consistent that if the testimony of the state leaves no question as to intent or identity of the defendant, proof of an independent crime is not admissible. Also, where there is positive testimony to support the state's case, proof of other independent offenses is not admissible. 1 Branch 2d 200, Sec. 188; 5 Branch 2d 31, Sec. 2601; 23 Tex.Jur.2d 306, Sec. 197; Story v. State, 107 Tex.Cr.R. 266, 296 S.W. 296; Taylor v. State, 138 Tex.Cr. R. 161, 134 S.W.2d 277; 42 A.L.R.2d 854.

The nature of the evidence revealing the loss of the pistol by Vivian on September 14, when the appellant was in the ice house, followed by the state's opening argument to the jury that while the appellant was in the ice house "the gun went away. This is all the testimony you heard with reference to that, but don't you know how it went away?" sufficiently conveyed to the jury facts and circumstances which would warrant the jury's finding that the appellant unlawfully obtained possession of the pistol he used to shoot Vann.

It is concluded that under the evidence and the authorities applicable thereto, the trial court should not have permitted the state to prove the loss of the pistol by Vivian as shown by the record, and that such proof was prejudicial to the rights of the appellant.

For the error pointed out, the judgment is reversed and the cause remanded.