**Jackie Ray EASON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41039.

Court of Criminal Appeals of Texas.

Jan. 31, 1968.

Guy H. McNeely, Vernon McDaniel, Wichita Falls, for appellant.

Sam Cleveland, Dist. Atty., Stephenville, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is Murder without Malice under the provisions of Article 802c Vernon's Ann.P.C.; the punishment assessed by the jury, two (2) years confinement in the Texas Department of Corrections.

It is appellant's sole ground of error that the trial court erred in failing to charge the jury on the law of circumstantial evidence in response to his timely presented written objection.

It appears to be appellant's position from the ground of error assigned in his brief filed in the trial court that there is no direct evidence identifying appellant as the operator of the motor vehicle that caused the death of Loyd Samson Brock as a result of a collision on U. S. Highway No. 281 at approximately 2:30 p. m. on Sunday afternoon, October 23, 1966, in Palo Pinto County. We observe, however, from appellant's written objection to the court's charge that it was his only contention at that time that there was no direct evidence to establish that the death of Loyd Brock resulted from the collision in question.

Norman W. Alston, a United States Army Captain, testified that on October 23, 1966, he was enroute to Fort Sill, Oklahoma with his family. He related that he traveled north behind a blue Thunderbird automobile on U. S. Highway No. 281 for approximately 12 or 13 miles, and that at the time of the fatal collision he was 50 to 75 yards behind the said Thunderbird. He further testified that just prior to the collision the blue Thunderbird ahead swerved to the left, crossed the center line of the highway, and crashed almost head-on with an automobile driving south. Captain Alston stopped immediately and checked the occupant of each car. It was his testimony that there was only one person in each car, and no one got out of either automobile before his inspection of them.

It is true that Alston was not asked if he could identify the appellant as the driver of the Thunderbird, but his testimony followed that of a number of other state's witnesses who arrived on the scene within minutes of the collision and who positively identified appellant as the sole occupant of the Thunderbird and described his injuries.

Further, on cross-examination Captain Alston was asked:

"Q. Did I understand you to say that you moved the occupant of the Thunderbird, which we take to be Mr. Eason (appellant)?

"A. I only moved him to straighten his head up, because his head was down, like that, and he was leaning over and I straighten him up."

Jimmie Davis of Perrin, Texas, testified that he was driving south behind Brock's automobile approximately a quarter of a mile at the time of the collision and observed the smoke resulting from the crash. He related that upon his arrival he went to the Thunderbird and observed that the appellant was its sole occupant and that he did not see anyone getting out of or leaving the automobile after his immediate arrival.

Mrs. Joan Arnold, a registered nurse on her way to work in Mineral Wells, came upon the scene within minutes after the collision. She identified appellant as the only person in the Thunderbird. She administered first aid to both the appellant and the more seriously injured Loyd Brock. She testified that she would not allow anyone to remove appellant from his automobile until the ambulance arrived because of his injuries. Mrs. Arnold was present when emergency treatment was administered to both men at Nazareth Hospital in Mineral Wells by a Dr. Hamilton and later rode in the ambulance that carried both men to Fort Worth.

There is other evidence supporting the recited testimony that appellant was the only person seen in the Thunderbird automobile, but we do not deem it essential to set it forth.

Appellant's intoxication at the time of the collision was clearly established by the testimony of Mrs. Arnold, a registered nurse, and the ambulance driver, as well as by expert testimony based on the results of a blood test taken by a physician in a Fort Worth hospital approximately three hours after the collision with the written consent of the appellant. We do not understand appellant to question the sufficiency of the evidence as to his intoxication at the time of the collision.

We further observe that Mrs. Grace Brock testified that her healthy, able-bodied nineteen-year-old son, Loyd Brock, left her home in Perrin at 2:15 p. m. (some fifteen minutes before the collision) for Graford in a blue and white Chevrolet. Jimmie Davis related that while following the deceased's automobile on U. S. Highway No. 281 the deceased drove "steady" on the proper side of the highway.

Mrs. Arnold, the nurse, testified that upon arrival at the scene the deceased was pinned in the car, not breathing well and bleeding from the mouth, and had a deep gash in the left side of his head "clear to the brain." She kept his mouth and air passage open first with a pocket knife and later with a spoon so that he could breath.

Other testimony offered by the state reflects that the deceased expired in the ambulance approximately five minutes before reaching a Forth Worth hospital less than three hours after the collision. After clearance of deceased's body through the Tarrant County Medical Examiner's office, the body was brought to the Haltom's Funeral Home in Jacksboro.

We reject appellant's contention that the court erred in failing to charge on circumstantial evidence.

An instruction on circumstantial evidence need not be given when the state's

evidence is direct, or where the facts proved are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony. 31 Tex.Jur.2d, Instructions, Sec. 123, p. 682.

We conclude that the facts stated constitute direct evidence that the appellant was the driver of the Thunderbird automobile in question and that deceased died as a result of injuries received in said collision. If we be in error, then we observe that the facts are in such close juxtaposition to each other as to eliminate the necessity of the giving of a charge on circumstantial evidence. See De La O v. State, Tex.Cr. App., 373 S.W.2d 501.

The judgment is affirmed.