Jerry Wayne **TRUSSELL** alias
Sammy Long, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 40641.

Court of Criminal Appeals of Texas.

March 27, 1968.

Joe K. McGill, Seminole, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION ON MOTION TO REIN-
## STATE APPEAL

ONION, Judge.

The record has been approved as required by Article 40.09(9), Vernon's Ann. C.C.P., and we will now consider the appeal on its merits.

This cause must be reversed for we deem the evidence insufficient to support the jury's verdict. Appellant's ground of error #3 is well taken.

One of the essential elements of the offense charged[1] was that the appellant removed the mortgaged property (an automobile) from Gaines County with intent to defraud the person holding such mortgage or lien.

The State relied upon the testimony of four witnesses, none of whom possessed any personal knowledge that appellant ever removed the automobile in question from Gaines County.

Dwayne Herman, Vice President of the Seminole State Bank, testified that on October 12, 1965, he loaned appellant $312.00 on a 1959 Oldsmobile upon the representation that appellant was to use such sum as capital in the operation of a cafe. It appears that appellant used the name Sammy Long and that the title to the automobile was in such name. Fifteen days after the first monthly payment was past due and as a result of appellant's checking account being overdrawn, Herman made an unsuccessful effort to locate appellant or the Oldsmobile in Gaines County. Some two months later Herman found the automobile in a wrecking yard in Albuquerque, New Mexico. It was returned to Gaines County and sold. No evidence was offered as to how the wrecking yard obtained possession of the car except that Herman related, "They'd picked it up."

Gary Shipley, an employee of the bank, merely testified that he drove the automobile from Albuquerque to Seminole after its recovery.

Sammy Carl Long, Jr., testified that appellant was his brother-in-law, that appellant's name was Jerry Wayne Trussell, and that he did not authorize appellant to sign his name to the chattel mortgage given to the said bank.

Sheriff Alton Montgomery testified that appellant and the Oldsmobile were located in Albuquerque. No dates, however, were given as to just when appellant and the automobile were found in New Mexico. There is nothing to show that it was even at approximately the same time.

From the hearing on the motion for new trial, we learn that appellant was transported by the authorities from Albuquerque to Paris, Texas, and later released to the Sheriff of Gaines County, where this trial was had.

It is observed that no witness testified to having seen the appellant remove the

---

1. Article 1558, V.A.P.C., in effect at the time of appellant's trial (March 28, 1967) has now been redefined as Secs. 25.02 and 25.03, VATC, Bus. & C.

Oldsmobile from Gaines County, and no witness testified that appellant was in possession of the said automobile in Albuquerque or any place outside of Gaines County.

The proof offered does not even raise the prima facie evidence presumption contained in Article 1558, supra.

In view of our disposition of the case, we need not consider appellant's remaining grounds of error.

Finding the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.