**Jessie PARKER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45920.**

Court of Criminal Appeals of Texas.

April 11, 1973.

Richard T. Collard, Friona, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; punishment was assessed at three years.

The sufficiency of the evidence will be considered.

The record reflects that on or about December 12, 1969, a Texaco Service Station located at 7th and Avenue A, in Farwell, Texas was burglarized. Pershing Busbice, the owner of the station, testified that on the evening before the burglary he closed his station, locked it up, and thereafter it had been broken into. He stated that the candy machine and the cigarette machine had been "dragged" into the grease room, and the coke box had been broken open. A carton of Pall Mall and a carton of Winston cigarettes were missing from the cigarette machine. Also missing were four tires, some oil, filters, and two cartons of innertubes. Entry into the building was gained by breaking the window out of the washroom. Busbice gave no one permission to break into his station. None of the missing property was recovered.

The only references in the record that connect or tend to connect the appellant with the instant offense are found in a confession he gave to New Mexico authorities while in custody in Curry County, New Mexico. The New Mexico authorities were questioning the appellant regarding two service station burglaries committed in Portales, New Mexico on or about December 13, 1969.

We will quote from appellant's confession, which was introduced into evidence

as State's Exhibit No. 1, all of the references concerning the instant offense:

"Q. Where have you stashed all this stuff at?

A. (Appellant) I don't know. The only thing I got was the battery.

Q. Which battery?

A. The one that they got over there in Farwell.

\*     \*     \*     \*     \*     \*

Q. What about the station over in Farwell that night?

A. I don't know nothing about that station.

Q. Well, Jessie, you're coming pretty straight with us here, helping us out. We appreciate it.

A. Yes sir.

Q. So, let's have it all. Did you all go over there to Farwell to break into there before you went to Portales?

A. Yes sir.

Q. You got what out of it?

A. Ray Lloyd got some—those that go inside the tire.

Q. Innertubes?

A. Innertubes.

\*     \*     \*     \*     \*     \*

Q. How many?

A. Four of them I think.

Q. Four. Got four innertubes over at Farwell?

A. Uh-huh.

Q. And what else?

A. And broke into the Coke machine.

Q. Uh huh. What else was taken over there, Jessie?

A. That's all I saw them bringing out.

Q. You went in there with them, didn't you?

A. No sir. I were around there in the car.

Q. You was around there in the car?

A. Yes sir.

Q. You didn't get some oil over there?

A. Some oil? No sir. I think we got the oil over there in Portales.

\*     \*     \*     \*     \*     \*

Q. Were the 3 (appellant and two others) that broke in at Farwell's?

A. Yes, sir.

Q. And then from there you went to Portales?

A. Yes, sir.

Q. Will you sign a statement to this effect, Jessie?

A. Yes sir.

\*     \*     \*     \*     \*     \*

Q. Alright, let's see just what we've got here now. First off you went over to Farwell?

A. Yes sir.

Q. You broke in over there and got some innertubes?

A. Yes sir. Yeah, that's where we got the innertubes from.

Q. What else did you get over there? Think real hard, Jessie, there was a lot of stuff taken.

A. Let's see, we got some innertubes and I know we broke into the Coke machine.

Q. Did you take some cigarettes while you were there?

A. Yeah, that's where we got the cigarettes from, over there.

Q. How many did they get, do you remember?

A. They got about 3 cartons.

Q. What else?

A. That's all at the . . . .

Q. Did you get some brake fluid?

A. Brake fluid, no sir.

Q. Well, now, why did you stay in the car while you was over there?

A. They asked me to stay in the car, you know, and if anybody came inside the station they wanted me to pick them up ar around the corner and they wanted me to blow the horn if I see any police come by and stop.

Q. Did they load all this stuff in the trunk of the car or what?

A. In the trunk.

Q. In the trunk?

A. Yes sir.

Q. Now then, you remember the cigarettes, the innertubes that you took over there. Breaking into the machine. How much money did they get over there?

A. They didn't get too much over there.

Q. You don't recall?

A. No sir.

Q. Did they just split it up?

A. Yeah, after we got back to Clovis, after we came back from—

Q. From Portales? Then you split it all up?

A. Yes sir.

\* \* \* \* \* \*

Q. Alright, now then. That's everything that you can remember that you took over at Farwells?

A. Yes sir."

The indictment charged that appellant "did then and there unlawfully break and enter a house then and there occupied and controlled by Pershing Busbice." The quotations from appellant's confession in New Mexico show that appellant and two other men burglarized a service station in Farwell. There is a complete absence of testimony that the service station they burglarized was the Texaco Service Station owned by Pershing Busbice. The record is silent as to whether there is another service station in Farwell, much less another Texaco service station. The evidence is insufficient to prove beyond a reasonable doubt that appellant committed the offense charged.

This case is unlike Bayless v. State, Tex.Cr.App., 492 S.W.2d 588 (this day decided) in that the confession herein does not link the appellant to the specific crime committed.

The judgment is reversed and the cause remanded.