James Denton POWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 46175.

Court of Criminal Appeals of Texas.

May 16, 1973.

Rehearing Denied May 30, 1973.

G. C. Harris, Greenville, for appellant.

Larry Miller, Dist. Atty., Greenville, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted of fraudulently disposing of mortgaged property. His punishment was assessed at five (5) years confinement.

Appellant's eighth ground alleges error of the trial court in failing to charge on circumstantial evidence. The record reflects that the appellant timely in writing objected to the charge for failure to include instructions on the law of circumstantial evidence, and submitted to the court a proper charge thereon. Appellant's said objection was overruled, and his special charge was denied.

The indictment in the case charges that appellant, on or about October 5, 1969, in Hunt County, Texas, did

"AND with intent to defraud R. C. Hulsey, unlawfully dispose in a manner and to some person to the Grand Jury unknown certain personal property under lien, to-wit:"

The described property named in the mortgage of October 4, 1969, is hereafter mentioned.

The State's evidence reflects that prior to August, 1969, appellant, a cattleman, had

done extensive business with the American C. Hulsey was at all times material herein the president of this bank, and was the bank officer with whom appellant dealt. Hulsey testified that on August 4, 1969, appellant executed a promissory note to the bank in the sum of $18,041.00, together with a financial statement and a security agreement or chattel mortgage.[1] Maturity date of the note was October 4, 1969. The property named in the security agreement as collateral was described as follows:

"Livestock: 400 cows, 225 calves, 12 bulls totaling 637 head together with all increase being all the cattle I now own with free and clear of all other liens and all branded P and located on the various places I have leased in Hunt & Rains counties as per statement attached. 1— 1963 GMC PU; 1950 Model 8 N Ford tractor; 1952 model 8 N Ford tractor; 1957 model 851 Ford tractor, S/N 5691735; 1958 model 1961 Ford tractor, M/N EF6015H; John Deere 17 hole comb. drill; & John Deere 14 disc surflex plow."

Hulsey testified that at the time the note and the security agreement were executed in his office on August 4, 1969, appellant represented that he owned and possessed all of the property described in the security agreement.

About five days prior to October 4, 1969, the bank sent notice to appellant that the note was about to mature. Appellant did not respond, and on October 10th and 30th, 1969, notices were sent of the delinquency of appellant's account. The only payment received by the bank on the note was the sum of between $1600 and $1700, being proceeds of a sheriff's sale of two cows, two tractors, and a plow had in March, 1970, and $85.00 which appellant had on deposit. Otherwise, the amount due on the

---

1. Other evidence in the record establishes that these instruments were executed in renewal of an existing indebtedness. It was shown that the "security agreement" was in fact a mortgage.

note remained unpaid at the date of the trial. Hulsey did not know what had become of the cattle and other collateral securing the payment of the note. He knew only that the cattle and other property were not found and were not delivered up to the bank.

The record further reflects that representatives of the bank sent out to locate the property described in the mortgage failed to find it, and could not testify to its disposition or whereabouts. These representatives of the bank testified about conversations with appellant concerning the cattle and other collateral securing the note, but the entire effect of their testimony was that they were unable to locate same, and that the cattle and other property were not delivered to them.

The testimony disclosed that at various times in August, September, October, December, 1969, and in April, May, July and August, 1970, appellant sold cattle at auction rings in Greenville and McKinney. Outside of the fact that appellant sold these cattle, appellant argues, in support of his claim that he was entitled to a charge on the law of circumstantial evidence, that there is no direct evidence in the record that connects these sales with the cattle described in the mortgage to the bank of August 4, 1969, or with the cattle described in the indictment. Appellant's explanation, made while he was a witness, was that he was buying and selling on commission, and he at no time identified the cattle sold by him at the auction rings as being any part of the cattle described in the mortgage to the bank. Appellant, while on the stand, denied having sold any of the mortgaged property.

This prosecution was brought under the provisions of Sections 25.02 and 25.03 of the Business and Commerce Code, V.T.C.A. Section 25.02, supra, provides as follows:

"(a) A person who has given a security interest in writing on a personal property or a growing crop of farm produce may not, with intent to defraud the secured party,

"(1) remove the property or crop from the county . . .

"(2) sell the property or crop; or

"(3) otherwise dispose of the property or crop.

"(b) It is prima facie evidence of the intent to defraud specified in Subsection (a) of this section if the person giving the security interest on personal property or a growing crop of farm produce

"(1) removed, sold, or otherwise disposed of the property or crop; and

"(2) failed, when the debt . . . was due, to

"(A) pay in whole or part . . .

"(B) deliver possession of the property or crop when demanded by the secured party."

The State argues that they did not rely on circumstantial evidence, but rather that they proved their case by direct evidence. It is clear that the State proved that the instruments in writing were executed by appellant. Further, it is clear that the State proved that upon several demands appellant failed to pay the debt or produce the mortgaged property. The issue thus becomes, did the State prove by direct evidence the sale, removal or disposition of the property by appellant so that a charge on circumstantial evidence was not required?

The distinction between circumstantial evidence and direct evidence is that the latter applies directly to the ultimate fact to be proven, while circumstantial evidence is the direct proof of a minor fact which, by logical inference, demon-

**578**

strates the fact to be proven. Ramos v. State, Tex.Cr.App., 478 S.W.2d 102; Brown v. State, 126 Tex.Cr.R. 449, 72 S.W.2d 269; Joshlin v. State, Tex.Cr.App., 491 S.W.2d 423 (1973).

In the instant case, the main fact to be proved pursuant to the indictment was that appellant disposed of certain personal property under lien.

All the direct evidence adduced proved the minor facts that appellant did not produce the cattle and other property upon demand, that bank investigators were unable to find such property, and that appellant on several occasions had sold cattle at auctions. No one testified to the major fact that appellant sold, removed or otherwise disposed of the cattle identified in the mortgage. Therefore, the major fact can only be inferred from the fact that appellant could not produce the cattle upon demand, and that he had sold some unidentified cattle at the auction rings. It is apparent that the State's direct proof strongly indicates that the prima facie evidence presumption contained in Section 25.02, supra, was satisfied. Cf. Trussel v. State, Tex.Cr.App., 426 S.W.2d 233. However, it is also apparent that the fact that appellant. disposed of the mortgaged property, if he did, was an inference from the direct evidence produced. "The fact that circumstances may strongly point to a person accused of a crime does not relieve the court of the duty of charging the law of circumstantial evidence in a case where the question of guilt is an inference or presumption deducible from circumstances in evidence." 31 Tex.Jur.2d, Instructions, § 122, p. 681; Haney v. State, Tex.Cr.App., 438 S.W.2d 580.

We conclude that the court clearly erred in failing to respond to the timely presented special requested charge on circumstantial evidence.

For the reason stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.