Jonathan **LOGAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48067.

Court of Criminal Appeals of Texas.

June 12, 1974.

Rehearing Denied July 2, 1974.

---

1. Cf. Berryhill v. State, Tex.Cr.App., 501 S.W.2d 86.

Kerry P. Fitzgerald, Dallas (Court-Appointed), for appellant.

Henry Wade, Dist. Atty., and Richard W. Wilhelm, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

Appellant was convicted of the possession of a narcotic drug, heroin, and the jury assessed his punishment at confinement for life.

After 11 p. m. on May 21, 1970, six Dallas narcotic officers executed a search warrant at a residence located at 2723 Ann Arbor Avenue. Detective Fowler, while walking past a front window of the residence, saw two men in one of the bedrooms, one bending over in front of the other. Barking dogs in the rear of the house prevented the officers from going to the back door so they went directly to the front, knocked, and then broke the door open with a sledge hammer.

As the officers entered the house, two black males ran down a hall into a bedroom, slammed the door and hid in a closet therein. As they were running down the hall, one of the men was holding his trousers to keep them from falling. Detective Fowler testified that the other man, identified as appellant, had a burned spoon in one hand and an eye dropper syringe in the other as he ran down the hall.

The officers immediately removed the two men from the closet, handcuffed them, and searched the closet. In this search, the officers found an eye dropper syringe on the floor which was identified as being similar to the one appellant had in his hand when he entered the closet. Two measuring spoons, one burned and one cleaned, were found on the closet shelf. Officer Fowler testified that the burned spoon resembled that which he saw in appellant's hand as he was running down the hall. Only one eye dropper syringe and one burned spoon were found in the search of the closet.

Cora Alice Curry was apprehended by the officers as she was running down the hall. While under arrest in the apartment, appellant asked the officers not to take "his wife", referring to Cora Alice Curry, as she "did not know anything about the stuff being in the bedroom." One of the exhibits; i. e., "the stuff", found in the bedroom consisted of seven capsules, one of which was taken to the laboratory for analysis and found to contain heroin, morphine, procaine and methypurline.

The officers also found five pistols and a paper bag containing approximately $1600 in cash in the bedroom mentioned earlier. We also note that when appellant dressed to go to jail he secured his clothing from the bedroom in which the capsules were found by the officers.

It was established by proper scientific proof that heroin was in and upon the burned spoon and the syringe found in the closet in which appellant and his companion, Willie Aaron Rogers, were hiding.

Appellant did not testify upon the trial and the only witness called in his behalf was Cora Alice Curry. Appellant does not challenge the sufficiency of the evidence but does contend, by his first ground of error, that the trial court erred in failing to charge the jury upon circumstantial evidence.

Appellant places primary reliance upon Ramos v. State, 478 S.W.2d 102 (Tex.Cr. App.1972); Powell v. State, 494 S.W.2d 575 (Tex.Cr.App.1973), and Farris v.

State, 496 S.W.2d 55 (Tex.Cr.App.1973). As said in Ramos, supra: .

"Where an accused is charged with the unlawful possession of a narcotic drug, two elements must be proven: (1) that he exercised care, control, and management over the contraband; and (2) that he knew that the object he possessed was contraband." (478 S.W.2d at 103)

The main fact in the case at bar was appellant's possession of heroin at the time and place in question;[1] and the issue now presented is, did the State prove such possession by direct evidence so that a charge on circumstantial evidence was not required? In Powell, supra (494 S.W.2d at 577), it was held:

"The distinction between circumstantial evidence and direct evidence is that the latter applies directly to the ultimate fact to be proven, while circumstantial evidence is the direct proof of a minor fact which, by logical inference, demonstrates the fact to be proven."

■ The police officers' testimony—as to appellant's possession of the syringe and the burned spoon, hiding in the closet, the finding of only one syringe and one burned spoon therein when the closet was searched, appellant's conversation about his wife not knowing of the "stuff" in the bedroom, and the presence of the heroin on the burned spoon and the syringe—is direct evidence establishing appellant possessed heroin.

■ Furthermore, Cora Alice Curry, a witness for the appellant, testified that appellant "jumped his bond" in this case, going to California where they lived together for some time before he was rearrested and returned to Dallas for trial. Evidence that appellant forfeited his bail

bond is clearly admissible to show flight. Dominguiz v. State, 373 S.W.2d 241 (Tex. Cr.App.1963), and cases therein cited. *Accord:* Guajardo v. State, 378 S.W.2d 853 (Tex.Cr.App.1964); Aguilar v. State, 444 S.W.2d 935 (Tex.Cr.App.1969).

Appellant made no attempt to refute this testimony which came from his own witness, nor was any explanation offered. As stated by Judge Woodley, speaking for the Court in Cawley v. State, 166 Tex.Cr. 37, 310 S.W.2d 340, 342 (1957), "When unexplained, flight has long been deemed indicative of a consciousness of guilt. 'The wicked flee when no man pursueth * * *.' Proverbs 28:1." It is not only some evidence of guilt, but "amounts in effect to a quasi admission of guilt of the offense charged." Cawley, supra.

Considering the record in its entirety, as we are required to do in passing upon this contention, the facts stated are in such close juxtaposition to each other as to eliminate the necessity of giving a charge on circumstantial evidence. De La O v. State, 373 S.W.2d 501, 503 (Tex.Cr.App. 1963); Eason v. State, 423 S.W.2d 315, 317 (Tex.Cr.App.1968); Riggins v. State, 468 S.W.2d 841, 843 (Tex.Cr.App.1971). Indeed, as remarked by Judge Douglas in Riggins, supra, "It would be difficult to imagine that a jury would reach a different result under the facts of this case with or without a charge on circumstantial evidence." Ground one is overruled.

Our record discloses that appellant tendered Cora Alice Curry as a witness in his behalf notwithstanding the advice of his counsel. She was present at the time of the search and was charged with and pleaded guilty to possession of heroin at the time and place in question. She was then in custody of the Texas Department of Corrections under sentence of two years from the court in which appellant was then being tried.

---

1. But, as we observed in Enriquez v. State, 501 S.W.2d 117, 120 (Tex.Cr.App.1973), the possession of the narcotics need not be exclusive since "more than one person may be in possession of the same narcotic drug."

She told of the search by the officers and that appellant and Rogers were present in her house when the officers arrived. She said that the three were in one bedroom when the officers arrived, just talking to one another. Neither of the men, according to her testimony, was standing in the bedroom just before the officers arrived. She denied that appellant was living in her house at the time or that she was living with him. The most important testimony elicited from this witness on direct examination was contained in this series of questions and answers:

"Q. When Logan [appellant] went into that house, did he bring any—to your knowledge, anything and put it in your bedroom or put any object in the house? Did you see anything in his hands or his pockets that he took out?

"A. No.

"Q. Are you saying that anything that was in the residence belonged to you?

"A. It was there before they had *gotten* there."

On cross-examination, State's counsel proceeded in this manner:

"Q. [BY MR. DRISCOLL] Where did you keep your heroin?

"A. Where did I keep it?

"Q. Yes.

"A. Well, at the particular time this was in a little yellow box sitting on top of the dresser.

"Q. Uh huh.

"A. And the works was sitting on the side of the bed on another little old kind of table.

"Q. Okay. Now, are you saying that for the purposes of this trial, at least all of this stuff was yours?

"A. Right, yes.

"Q. Logan didn't know about it, right?

"A. I don't know whether he knew. I'm sure he knew the works was there. He could see them I don't know whether he knew I had the stuff sitting on the dresser or not.

"Q. All right. Are you telling us that Logan doesn't use heroin?

"A. No, I never said that.

"Q. Are you telling us that Logan doesn't sell heroin?

"MR. FITZGERALD [appellant's counsel]: I object to those questions. They are improper, relate perhaps to extraneous transaction or offense, improper impeachment.

"THE COURT: Overrule objection.

"MR. FITZGERALD: Note exception.

"Q. [MR. DRISCOLL] Are you telling us Logan doesn't sell that?

"A. Not that I know of.

"Q. He doesn't sell heroin?

"A. No."

After this witness was excused, the State produced Officer Young who testified that on September 14, 1970 [nearly four months after date of the offense then on trial], while acting as an undercover agent, he made two separate purchases of heroin from appellant. This testimony was admitted over the specific objection that it was proof of an extraneous offense and that it did not show "any knowledge on the part of the Defendant of any system, design, intent, scheme, that the Defendant possessed" heroin on May 21, 1970.

The objection was overruled, the testimony received, and complaint of this action now forms the basis of ground of error number two. Appellant relies upon the rules restated in Hafti v. State, 416 S.W. 2d 824 (Tex.Cr.App.1967), wherein the court considered the question in depth. In essence, appellant contends that his "own

testimony did not raise any issue as to Appellant's knowledge or intent *of* [or] state of mind at the time and place of the alleged offense; and that, therefore, evidence of, extraneous offenses was not properly admissible under any of the well recognized exceptions to the general rule stated above."

The only testimony helpful to appellant given by Cora Curry was that she was in possession of the heroin found on the premises and that appellant may not have had knowledge of its presence in the house. As noted earlier, appellant was charged with possession of heroin and it was the burden of the State to prove he had care, control and management over it, knowing that it was contraband. Ramos v. State, supra (478 S.W.2d at 103). The testimony of Cora Curry raised an issue as to both elements of the State's case, possession and knowledge.

Our earlier review of the evidence has demonstrated the fact that there was independent and direct evidence establishing appellant's guilt of the offense charged, the possession of heroin. Proof of the commission of other and extraneous crimes becomes admissible only as an exception to the general rule that one accused of crime is to be tried for that offense and none other.

Judge Belcher noted several exceptions to the general rule in Hafti, supra (416 S. W.2d at 825); and, we pause to note that proof of the sale of heroin four months after the date of the offense charged cannot be a part of the res gestae; it neither tends to show intent or identity (neither of which was in issue in this case) nor tends to connect the defendant with the possession of heroin on May 21.

The State relies upon several recent robbery cases wherein evidence of extraneous offenses was introduced. In Owens v. State, 450 S.W.2d 324, 326 (Tex.Cr.App. 1969), the defendant offered the defense of alibi which, as noted by Judge Onion, "called into question Mrs. Davis' identification of him as the man who robbed her, thus authorizing the admission of the extraneous offenses."

A similar result was reached in Griffin v. State, 455 S.W.2d 298, 300 (Tex.Cr.App. 1970), a robbery case, wherein Judge Woodley noted several then recent cases which "hold that testimony concerning other offenses committed in the same vicinity a short while before or after the offense charged is admissible to defeat, discredit or refute the defense of alibi."

Judge Odom was reviewing a robbery case when he wrote the opinion for the Court in Bryant v. State, 471 S.W.2d 66 (Tex.Cr.App.1971), wherein evidence of other robberies was admissible to show identity, intent, system and design and to rebut the defense of alibi.

Still another robbery case is relied upon by the State in this instance: Johnson v. State, 494 S.W.2d 870 (Tex.Cr.App.1973), wherein evidence of an extraneous offense was held to be proper rebuttal evidence when the defense of alibi had been raised. Gilmore v. State, 493 S.W.2d 163 (Tex.Cr. App.1973), also a robbery case, is cited by the State. There the defendant had testified, denied that he was the robber, and made it clear that the prosecuting witnesses were mistaken in their identification. Identity being in issue, evidence of the extraneous offense was held to be admissible.

We find none of the State's cases persuasive or controlling in the case at bar.

■ In this particular case, appellant has received the maximum term of imprisonment authorized by the statute creating the offense; and, under the circumstances shown by this record, we are of the opinion that reversible error is shown by the receipt of the evidence of the two sales of heroin more than four months after the date of the offense charged in this cause. Hafti v. State, supra.

Because of the error shown, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON, J., concurs.

ROBERTS, Judge (concurring).

I concur in the result reached by the majority in this case. However, I must disassociate myself from that portion of the opinion stating that a charge on circumstantial evidence was unnecessary due to the "close juxtaposition" of the facts.

The charge on circumstantial evidence was not required because, as the majority observes, there was *direct* evidence that the appellant possessed heroin.

In view of this fact, the majority's reliance on the doctrine of "close juxtaposition" is misleading and wholly unnecessary to the decision.

For the reasons stated, I concur.