Dennis SPRAGUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 52784.

Court of Criminal Appeals of Texas.

March 9, 1977.

Rehearing Denied April 6, 1977.

Ronald E. Walker, Jr., Amarillo, for appellant.

Tom Curtis, Dist. Atty. and Bruce Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant, in a jury trial, was found guilty of attempted murder. The jury assessed his punishment at thirteen (13) years and six (6) months and a $5,000.00 fine. Appellant did not testify at the guilt-innocence stage of the trial.

Appellant and two of his fellow employees, Fred Russell and Guy Mathes, were making the rounds of taverns in Amarillo drinking beer after work on July 1, 1975. Finally, rather late in the evening they were at the Hut Lounge in a predominantly black section of town. Appellant was seen by his companions talking to a young black man at the bar. He gave the young man $20.00 and rejoined his companions. The young man left the lounge. After a lapse of considerable time, the young man not having returned, appellant became very agitated and claimed that he had been "ripped off" of his $20.00. Appellant then said, "I am going to go home and get me a gun and come back down here." When he got home, appellant told his wife to get him his shotgun and then said, "I am going to go back down there and get me one of them bastards." Appellant and Russell then left the house in Russell's "dirty brown" Cadillac convertible. Russell testified that they returned to the Hut Lounge but the young black man was not there. Then, as they

proceeded south on Washington Street near Twelfth Street, Russell saw a young man walking along the curb. As they approached the young man appellant fired the shotgun at him and Russell saw the young man fall. They then drove back to appellant's house where appellant announced to those present "I got one of them."

Cecil Turner testified that on July 1, 1975 at approximately 11:00 p. m. he was walking down Washington Street from Twelfth Street and had just stepped into his grandmother's yard when he was shot with a shotgun as two people passed him in a yellowish Oldsmobile or Cadillac. Mrs. Ruby Mae Washington said that she saw Turner step into his grandmother's yard from Washington Street when a Cadillac convertible automobile, possibly tan, brown or yellow in color approached. It had two people in it and the passenger stuck a gun out and shot Turner.

■ Appellant first contends that the court reversibly erred in refusing his requested charge on circumstantial evidence. He relies on *Gamboa v. State,* Tex.Cr.App., 528 S.W.2d 247 and *Farris v. State,* Tex.Cr.App., 496 S.W.2d 55. In both *Gamboa,* supra, and *Farris,* supra, there were no eyewitnesses to the shooting. In this case, however, there was direct eyewitness testimony of the shooting from Russell, Turner and Mrs. Washington. Although Turner could not identify appellant as the person who shot him, nor could Mrs. Washington, and Russell could not identify Turner as the young black man who was shot, there was direct evidence of the shooting at the same time and place and by the passenger in a Cadillac convertible. In view of this, plus appellant's statement to his friends that he had got one, there was sufficient direct evidence to establish the corpus delicti. *Logan v. State,* Tex.Cr.App., 510 S.W.2d 598; *Cooper v. State,* Tex.Cr.App., 509 S.W.2d 865; *Riggins v. State,* Tex.Cr.App., 468 S.W.2d 841; *De La O v. State,* Tex.Cr.App., 373 S.W.2d 501. The court did not err in refusing appellant's requested charge on circumstantial evidence.

■ Appellant next asserts that the court erred in admitting into evidence the hospital records concerning Turner's injuries. Nancy Ivy, supervisor of the medical records department of Northwest Texas Hospital, testified that she was custodian of the medical record of Cecil Turner who had been admitted to the hospital on July 2, 1975; that these records were kept in the regular course of business and that the entries were made by persons who had personal knowledge of the acts, events or conditions entered therein, and that such entries were made at or near the time of the acts, events or conditions. When the prosecution offered the records, appellant's counsel stated: "I will object on the grounds of predicate . . . ." He subsequently stated: "I still submit that the State has not laid a proper predicate under the Business Records Rule . . . and that it shows that they are in medical terms, and no proper medical predicate has been laid." We have held that Art. 3737e, Vernon's Ann.Civ.Stats. applies to criminal cases and that hospital records come within the purview thereof, *Dalton v. State,* Tex.Cr.App., 516 S.W.2d 937; *Coulter v. State,* Tex.Cr.App., 494 S.W.2d 876, and that the same is to be liberally construed. *Morgan v. State,* Tex.Cr.App., 503 S.W.2d 770. See also *Diaz v. State,* Tex.Cr.App., 473 S.W.2d 492 and *Felmons v. State,* Tex.Cr.App., 451 S.W.2d 495. It was undisputed that Turner was shot with a shotgun, injured and taken to Northwest Texas Hospital where he was treated for his wounds. Even the improper admission of hearsay does not present reversible error unless such testimony is shown to be prejudicial. *Fuller v. State,* Tex.Cr.App., 501 S.W.2d 112; *Haynes v. State,* Tex.Cr.App., 482 S.W.2d 191. Appellant's second ground of error is overruled.

■ Finally, appellant contends that the court erred in failing to sustain his challenge for cause of two prospective jurors or, in the alternative, in refusing him two additional peremptory challenges in order to eliminate them as prospective jurors.

Panelists Mary Holt and Charlene Luttrell were questioned about a conversation

they had about probation during a recess. Holt testified that she would not enter the jury box with any preconceived notion; that she was not under any pressure not to consider probation but could listen to everything and base her judgment upon that. Luttrell testified that she would not enter the jury box prejudiced against probation and that she could foresee circumstances where she could give probation. The court did not err in refusing appellant's challenge for cause and in not granting appellant additional peremptory challenges. *Wilson v. State,* Tex.Cr.App., 436 S.W.2d 542.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, Judge, dissenting.

Where the corpus delicti is proved by direct evidence, but the appellant's agency as the guilty party is proved only by circumstantial evidence, a circumstantial evidence charge must be given.[1] *Casey v. State,* 523 S.W.2d 658 (Tex.Cr.App.1975); *Self v. State,* 513 S.W.2d 832 (Tex.Cr.App. 1974).

Yet the majority now holds that where only the corpus delicti—but not the appellant's agency—is proved by direct evidence, a circumstantial evidence charge need not be given. This has never been the law in Texas, and I cannot agree that it should become so now.

In this case the evidence tending to show that appellant was the person who shot the complainant was circumstantial, not direct. The appellant filed a timely requested charge on circumstantial evidence. I would hold that the court's failure to respond to this request was reversible error.

In *Gamboa v. State,* 528 S.W.2d 247 (Tex. Cr.App.1975), a witness testified that she was in the room next to the room where the murder occurred. She heard gunshots and quickly went into the adjoining room, where she saw the defendant putting a gun in his pocket. She watched as the defendant ripped the telephone off the wall and left the house. The two victims were found shot to death in the room in which the witness saw the defendant.

In *Gamboa,* a majority of this Court held:

"The evidence against appellant was strongly circumstantial. While the circumstances strongly suggested his guilt, there was no direct evidence of the factum probandum. No one saw appellant fire the fatal shots. Nor was there direct evidence that the bullet which killed the deceased came from the weapon later taken from appellant. Under such circumstances, Texas law requires that a charge on circumstantial evidence be given." *Gamboa v. State,* supra, at 248.

In *Casey v. State,* supra, there was direct evidence that the deceased was shot in the head and killed during a robbery of a Dallas service station. The robbery and murder took place at a Gulf service station just south of L.B.J. Freeway in Dallas during the night of May 22, 1973, or during the early morning of May 23, 1973.

There was direct evidence that one night in May, 1973, appellant went to a store or service station and shot a man in the head. In its unanimous reversal this Court stated that this latter evidence "was direct evidence that appellant had committed an offense, [but] it was not direct evidence that appellant was guilty of the murder of Richard Allen O'Neill, the deceased in the instant case." *Casey v. State,* supra, at 660.

There was also direct evidence in *Casey,* in the form of Casey's confession, that he and a companion robbed a Gulf or Exxon service station one night in late May, 1973, and that he shot the attendant in the head.

---

1. Thus: "In murder the main fact to be proved—the factum probandum—is that the accused inflicted the fatal wound, that he killed the deceased or acted together with the party who did, and if the main fact is proved as a matter of inference from other facts in evidence the case rest wholly, in a legal sense, upon circumstantial evidence, and a jury called upon to pass upon a case of that character should be informed by the charge of the court as to the nature of such evidence and as to the test provided by law to determine the sufficiency of circumstantial evidence. [citations omitted]" 4 Branch's Ann. P.C., 2d Ed., Sec. 2049, p. 357.

This Court held that a charge on circumstantial evidence was required.

What these cases hold is that even where there is direct evidence of the corpus delicti, a charge on circumstantial evidence is still required unless there is also direct proof that the accused himself committed the very crime charged in the indictment.

That is exactly the situation in the case before us now—there is strong evidence that the appellant committed the crime charged, but it is clear that the evidence is only circumstantial. Compare *Hielscher v. State,* 511 S.W.2d 305 (Tex.Cr.App.1974); *Crawford v. State,* 502 S.W.2d 768 (Tex.Cr. App.1973). And see *Parker v. State,* 492 S.W.2d 590 (Tex.Cr.App.1973).

The court's failure to charge on the law of circumstantial evidence was clearly error. *Gamboa v. State,* supra; *Casey v. State,* supra.

The judgment should be reversed.

PHILLIPS, J., joins in this dissent.