Harold Kenneth GEESLIN, Appellant,

v.

The STATE of Texas, State.

No. 2–81–094–CR.

Court of Appeals of Texas, Fort Worth.

March 17, 1982.

David F. Farris, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Tom Myers, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, RICHARD L. BROWN and JORDAN, JJ.

## OPINION

JORDAN, Justice.

On December 3, 1979, appellant was found guilty by a jury of the charge of burglary of a habitation. The jury also found as true a second count in the indictment charging him with the prior final conviction of the offense of burglary; he was

assessed a term of twenty years imprisonment in the Texas Department of Corrections.

We affirm.

Appellant's sole ground of error contends that the trial court erred in admitting testimony of a deputy district clerk of Tarrant County to the effect that appellant failed to appear for a court hearing on August 9, 1979, that his bond was forfeited and a warrant issued for his arrest on August 20, 1979.

At the trial appellant made no objection to the introduction of this testimony. After his cross-examination of the deputy district clerk, he moved the court to strike the testimony of the clerk for the reason that it was irrelevant and inflammatory. On appeal his contention is that this testimony was improper and should cause a reversal because it raised evidence of an extraneous offense. It is thus seen that the objection raised on appeal is different from the one made at trial. In such a case the objection cannot be considered by this court. *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978); *Watkins v. State*, 572 S.W.2d 339 (Tex.Cr.App.1978).

Moreover, since no objection was made until after the clerk's testimony was concluded and before the jury, the objection and motion to strike later made was not timely; hence, again, nothing is presented here for consideration on appeal. *Crocker v. State, supra; Garcia v. State*, 573 S.W.2d 12 (Tex.Cr.App.1978).

However, regardless of the procedural deficiencies, we have considered appellant's objection to the clerk's testimony on the ground that it injected an extraneous offense into this case and find no error is shown. The fact that the accused forfeited his bail bond is admissible to show flight, *Logan v. State*, 510 S.W.2d 598 (Tex.Cr. App.1974), and *Dominguiz v. State*, 373 S.W.2d 241 (Tex.Cr.App.1963), and circumstances showing flight from custody or flight to avoid arrest are also admissible even though they may show the commission

of extraneous offenses. *Hunter v. State*, 530 S.W.2d 573 (Tex.Cr.App.1975), and cases therein cited.

No reversible error is shown and the judgment is accordingly affirmed.