630 S.W.2d 882 (1982)
James Edward WASHINGTON, Appellant,
v.
The STATE of Texas, State.
No. 2-81-096-CR.
Court of Appeals of Texas, Fort Worth.
March 24, 1982.
*883 Edward A. Stapleton, III, Denton, for appellant.
Jerry Cobb, Crim. Dist. and County Atty., and Freddie Dean Marsh, Asst. Dist. Crim. Atty., Denton, for State.
Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION
JORDAN, Justice.
Appellant was convicted by a jury of burglary of a building, and, aided by three prior final convictions, the same jury assessed his punishment at eighteen (18) years in the Texas Department of Corrections. He appeals on five alleged grounds of error.
We affirm.
The first ground of error complains of the trial court's overruling of appellant's objections to questions posed to the State's expert witness at a competency hearing which purportedly asked for a conclusion regarding competency. At the hearing the State's expert witness, a psychiatrist, testified, in response to a question by the prosecutor, that appellant did have sufficient present mental ability to advise and consult with his attorneys with a reasonable degree of rational understanding; and that he had a factual as well as a rational understanding of the proceedings against him. Appellant objected to this question and answer on the ground that the expert's answer was a legal conclusion and was on the precise question the jury was called on to answer at this competency hearing.
The objection was not well taken. Under V.A.C.C.P. art. 46.02, sec. 3, the use of experts at competency hearings is contemplated and authorized. The test of competency to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding of proceedings against him. Ex parte Locklin, 583 S.W.2d 787 (Tex.Cr.App.1979); Morales v. State, 587 S.W.2d 418 (Tex.Cr.App.1979); Ex parte Harris, 592 S.W.2d 624 (Tex.Cr. App.1980).
Although the witness here testified to basically the test set out in V.A.C.C.P. art. 46.02, sec. 1 for incompetency, we do not think he was testifying to a legal conclusion, but simply to his opinion based on his observations and tests he had made of appellant. Although it is true that he did testify to the question the jury would eventually answer, we do not think this was improper. See Hopkins v. State, 480 S.W.2d 212 (Tex.Cr.App.1972); Rogers v. State, 598 S.W.2d 258 (Tex.Cr.App.1980). He was testifying as to his opinion of appellant's present mental ability, a fact question, from what he knew of appellant.
In Hopkins, supra, the Court of Criminal Appeals repudiated the former rule that an expert witness was prohibited from testifying on an ultimate jury issue. It was held in Hopkins that the expert's testimony is admissible, even on an ultimate issue, (1) if he is competent and qualified to testify, (2) the subject is one upon which the aid of an expert opinion will be of assistance to the jury, and (3) his testimony does not state a legal conclusion. Here, the psychiatrist did not testify that appellant was competent or incompetent; he merely said he was able to assist his lawyer and that he understood the proceedings against him. His testimony was admissible.
The first ground of error is overruled.
*884 Appellant next contends that at the punishment phase the trial court erred in overruling his objections to introduction of the pen packets of three prior final convictions because appellant, in each of those three cases, was not sufficiently admonished by the court when his pleas of guilty were accepted. This objection differs from the one raised at the punishment hearing when these pen packets and these three prior convictions were introduced. In such a case, as we have only recently held in Geeslin v. State, 630 S.W.2d 512 (Tex.App. Fort Worth, 1982) (not yet reported) there is nothing presented on appeal. Crocker v. State, 573 S.W.2d 190 (Tex.Cr.App.1978); Watkins v. State, 572 S.W.2d 339 (Tex.Cr. App.1978); Ex parte Harris, 618 S.W.2d 369 (Tex.Cr.App.1981). Also see V.A.C.C.P. art. 40.09, sec. 9.
Despite our holding that the objection raised here was not presented at the punishment phase, and thus presents nothing for review, we note that each of the judgments in the three prior convictions contained a recitation that the defendant pled guilty to the charge and was "duly admonished of the consequences of said plea, as directed by law." In the absence of a record affirmatively reflecting a violation of V.A.C.C.P. art. 26.13, the presumption of regularity created by such recitals in the judgment cannot be overcome. Creeks v. State, 537 S.W.2d 29 (Tex.Cr.App.1976).
At the punishment phase, appellant simply introduced a copy of his verified petition in his application for writ of habeas corpus, which petition alleged that he had not been properly admonished as to his plea of guilty in any of the three cases. This is not sufficient to raise this matter. See Ex parte Sealey, 563 S.W.2d 817 (Tex.Cr.App. 1978). And see Glover v. State, 566 S.W.2d 636 (Tex.Cr.App.1978) holding that "[a]ppellant's testimony that he was not represented by an attorney, standing alone, is insufficient to disprove the recitations in the judgment, White v. State, Tex.Cr.App., 517 S.W.2d 543; West v. State, Tex.Cr.App., 511 S.W.2d 502." See also Gates v. State, 471 S.W.2d 857 (Tex.Cr.App.1971).
Appellant's second ground of error is overruled.
Appellant's third, fourth, and fifth grounds of error all complain of jury argument by the prosecutor referring to matters outside the record. In ground no. 3, appellant says the state improperly referred to the police officers who testified as married men, with families, working, sometimes in the middle of the night to protect "people just like you and I, to keep our homes and business from being burglarized ..." There was no error in this argument because two officers testified to these facts during the guilt-innocence phase of the trial. The argument was not outside the record and was therefore proper. The argument was a reasonable deduction from the evidence.
The fourth and fifth grounds present rather speculative and vague contentions that the prosecutor made references, at the punishment phase, to improper, unsworn comments outside the record with respect to three prior convictions of appellant for burglary. We have carefully reviewed the briefs and the record on these last two alleged grounds of error and hold that the argument of the State was proper discussion and reference to the three prior convictions introduced into evidence at the punishment phase of the trial. There is no error shown.
Grounds of error numbers three, four and five are overruled.
The judgment is affirmed.