**Ex parte Robert Charles WINFREY.**

**No. 61452.**

Court of Criminal Appeals of Texas,
En Banc.

June 6, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is a post-conviction application for a writ of habeas corpus. The convicting court has made the following findings of fact and conclusions of law:

## "FINDINGS OF FACT

1. The Petitioner [1] was convicted upon his plea of not guilty to the felony offense of murder [with malice] and was sentenced to Life in the Texas Department of Corrections.

\* \* \* \* \* \*

3. Prior to trial, a hearing was held to determine whether Petitioner was competent to stand trial.

4. At the conclusion of the competency hearing the jury was given the following instructions to determine Petitioner's competency:

By 'insane' or 'insanity' is meant inability at this time by the Defendant to understand the difference between right and wrong and inability in mind to understand and appreciate the nature of the act charged against him in the indictment and the consequences thereof, and inability of the defendant in mind to make a rational defense concerning said act or offense.

Now if you believe from a preponderance of the evidence that the Defendant at this time is in such mental condition that he does not know right from wrong and the nature and consequences of his act, and that he is unable to advise and assist his attorney in preparing a rational defense to the offense with which he is charged, you will find him insane at the present time, and so state in your verdict.

5. That pursuant to the foregoing charge, the jury found that the Petitioner was presently sane or competent to stand trial.

## CONCLUSIONS OF LAW

1. The charge to the jury was fundamentally erroneous inasmuch as it

---

1. Actually, Winfrey is the applicant. See V.A.C.C.P., Article 11.13.

presented an improper standard for determining Petitioner's competency.

2. The charge to the jury was fundamentally erroneous because it encompassed a M'Naughton standard for determining Petitioner's competence to stand trial. Whether Petitioner knew the difference between right and wrong and whether he understood and appreciated the nature of the act charged against him had no relevance to the issue of whether Petitioner was competent to stand trial.

3. The charge to the jury was fundamentally erroneous in that it totally omitted the proper standard to determine Petitioner's competency. The proper standard for a competency determination is (1) whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and (2) whether the defendant has a rational as well as factual understanding of the proceedings against him.

4. The charge to the jury is identical [2] to that in *Ex parte Long*, 564 S.W.2d 760 (Tex.Crim.App.1978), wherein relief was granted on an application for habeas corpus."

These findings of fact and conclusions of law are correct.

If the petitioner was incompetent when he was tried for murder with malice, he has been deprived of liberty without due process [3] and due course of law. [4] *Ex parte Long*, 564 S.W.2d 760 (Tex.Cr.App.1978); *Ex parte Hagens*, 558 S.W.2d 457 (Tex.Cr.App.1977). If he was not incompetent, he was not deprived of those rights. The erroneous charge to the jury has left the issue unresolved. In *Brandon v. State* (Tex.Cr.App., No. 59,348, April 25, 1979), we held that where there had ·not been a constitutionally adequate competency hearing, the appropriate remedy would be to remand the case for further proceedings. Those proceedings should determine if it is possible to conduct a nunc pro tunc

competency hearing and, if it is, to hold such a hearing following the present version of Article 46.02, V.A.C.C.P.

If it is not possible to make such a retrospective determination of the applicant's competency in July, 1970, or if the petitioner is found to have been incompetent when he was tried in July, 1970, then he must have a new trial, and he shall remain in the custody of the Sheriff of Galveston County to answer the indictment in this cause. If the petitioner is not found to have been incompetent, his sentence shall remain in effect.

The petitioner shall be remanded to the custody of the Sheriff of Galveston County. The trial court shall conduct the hearing within 90 days from the issuance of our mandate, and may make further orders in accordance with this opinion.

It is so ordered.

---

2. There actually is a slight difference in wording, but the charges are the same in substance.

3. United States Constitution, Amendment XIV.

4. Texas Constitution, Article I, Section 19.