**Ex parte Eddie Ray HARRIS.**

**No. 63298.**

Court of Criminal Appeals of Texas,
En Banc.

Jan. 23, 1980.

Robert Huttash, State's Atty., Austin, for the State.

Paul Johnson, Huntsville, for petitioner.

## OPINION

PHILLIPS, Judge.

This is an application for a writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P.

In 1973 petitioner was convicted of murder with malice and sentenced to 5000 years' imprisonment. Prior to trial a hearing was held to determine whether appellant was sane at the time of trial. Petition-er urges that the court's charge to the jury at the pretrial competency hearing was fundamentally erroneous, and denied him due process of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the Texas Constitution.

In its charge to the jury at the competency hearing the court defined "insanity" as the

. . . inability at this time by the defendant to understand the difference between right and wrong and inability in mind to understand and appreciate the nature of the act charged against him in the indictment and the consequences thereof, and inability of the defendant in mind to make a rational defense concerning said act or offense.

The court further charged the jury

Now if you believe from a preponderance of the evidence that the defendant, at this time, is in such mental condition so that he does not know right from wrong and the nature and consequences of his act and that he is unable to advise and assist his attorney in preparing a rational defense to the offense with which he is charged, you will find him insane at the present time, and so state in your answer to the question submitted to you.

The court's charge was based on the M'Naghten standard for determining sanity. *Ex parte Long*, 564 S.W.2d 760 (Tex.Cr.App.1978). Contrary to the terms of the charge, the test of competence to stand trial is whether the accused has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him. *Dusky v. U. S.*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Ex parte Hagans*, 558 S.W.2d 457 (Tex.Cr.App.1977); *Ex parte Long*, supra. It is a violation of due process to measure competency to stand trial by the M'Naghten standard. *Ex Parte Long*, supra; *Johnston v. State*, 587 S.W.2d 163 (Tex.Cr.App.

1979); *Ex parte McKenzie*, 582 S.W.2d 153 (Tex.Cr.App.1979); *Ex parte Winfrey*, 581 S.W.2d 698 (Tex.Cr.App.1979). Cf. *Corley v. State*, 582 S.W.2d 815 (Tex.Cr.App.1979). The charge in this case is virtually identical to the charges held deficient in *Ex parte Long*, supra, and *Ex parte Winfrey*, supra. Petitioner is entitled to relief.

Petitioner's trial took place over six years ago. We remand the case to the trial court to determine if it is feasible to conduct a retrospective competency hearing and, if it is, to hold such a hearing. A record of that proceeding shall be prepared and transmitted to this Court for further disposition. If a retrospective hearing is not feasible the trial court shall enter findings of fact to that effect, and transmit those findings to this Court for further disposition.

It is so ordered.