**Ex parte Eddie Ray HARRIS.**

No. 63298.

Court of Criminal Appeals of Texas, En Banc.

July 1, 1981.

Robert A. Canonico, Waco, for appellant.

Felipe Reyna, Dist. Atty. & Lynn Malone, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an application for a writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P.

In 1973, petitioner was convicted of murder with malice and the jury assessed punishment at 5,000 years. Prior to petitioner's trial, a jury found him competent to stand trial. On January 23, 1980, this Court considered petitioner's writ of habeas corpus and ordered that a retrospective competence hearing be held. 592 S.W.2d 624 (Tex.Cr.App.) On April 23, 1980, the retrospective hearing was held, and the jury found petitioner competent at the time of the 1973 trial. Petitioner attacks the retrospective finding of competence on numerous grounds.

Petitioner contends that the testimony of the State's psychiatrists should have been excluded under the Fifth and Sixth Amend-

ments, as well as under Article 1, Section 10, of the Texas Constitution. The record reflects that the State retained two psychiatrists, Dr. Grigson and Dr. Morrison, to examine petitioner for competency. Dr. Grigson did not advise petitioner, prior to interview, of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Dr. Morrison informed petitioner that the examination was for court purposes, that it may be used in court, and that petitioner could refuse to discuss any matter with him. Petitioner, during the two examinations conducted by Dr. Morrison, refused to verbally respond during the interview.

■ In response to the alleged error concerning Dr. Grigson's testimony, we note that petitioner failed to raise an objection at trial comporting with his contention on appeal. Accordingly, petitioner's contention as to Dr. Grigson's testimony is overruled. Article 40.09, Section 9, V.A.C.C.P.[1] Dr. Morrison's examination and testimony did not violate appellant's Fifth Amendment rights. Dr. Morrison warned appellant that the examination results may be used in court, and that appellant was free to remain silent. In fact, appellant chose to remain silent in the two separate examinations. No statements relating to the commission of any crime were admitted. *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App. 1979). Dr. Morrison's testimony was based on psychological tests administered to appellant and the observations of appellant made by the doctor at the examinations. See, *Brandon v. State*, supra. Since Dr. Morrison's testimony went solely to competency and not guilt or punishment, petitioner's ground of error is overruled. Compare, *Estelle v. Smith*, —— U.S. ——, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).

■ Petitioner next contends that he was denied due process when Dr. Grigson testified that petitioner was a sociopath. Although petitioner made several objections

to Dr. Grigson's testimony, he failed to object on the basis now advanced on appeal. Alleged errors to which there are no objections at trial will not be considered on appeal. Article 40.09, Section 9, V.A.C.C.P. *Dinn v. State*, 570 S.W.2d 910 (Tex.Cr.App. 1979). The contention is overruled

In a similar ground of error, petitioner urges that the trial court erred in failing to sustain his objections to questions asked of Dr. Grigson as to petitioner being a sociopath. Petitioner objected that the opinion of the psychiatrist was immaterial and irrelevant to the issue of competency. However, petitioner, during voir dire examination of Dr. Grigson, elicited that a sociopath was a common term for one who demonstrates "antisocial personality disorder." It was Dr. Grigson's opinion that such mental diagnosis was relevant in determining petitioner's competency.

■ The ultimate fact before the jury was petitioner's competency. As such, it may be established by circumstantial evidence from which the jury may draw reasonable inferences. *Ex parte Watson*, 606 S.W.2d 902 (Tex.Cr.App.1980). We, therefore, hold that Dr. Grigson's testimony as to the "antisocial behavior disorder" was both competent and admissible. Furthermore, petitioner's attack focuses more on the credibility of the testimony. We refuse to usurp the jury's function as the sole determiner of the credibility of the testimony. See, *Ex parte Watson*, supra. Moreover, petitioner failed to object when the same facts, opinion, and testimony were brought out previously during the cross-examination of petitioner's expert psychiatric witness. *Bermudez v. State*, 504 S.W.2d 868 (Tex.Cr. App.1974). The ground of error is overruled.

■ Petitioner next contends that the trial court erred in failing to instruct the jury in accordance with Article 46.-02(4)(d)(2), V.A.C.C.P. Petitioner's objection to the omission was overruled.

Article 46.02(4)(d) reads:

---

1. This opinion cannot, nor does it intend to, limit a defendant's right to suppress evidence or a psychiatrist's testimony at a subsequent determination on guilt or punishment. *Estelle*

*v. Smith*, —— U.S. ——, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). We again emphasize that the retrospective hearing deals only with competency.

"(d) Instructions submitting the issue of incompetency to stand trial shall be framed to require the jury to state in its verdict:

"(1) whether the defendant is incompetent to stand trial; and

"(2) if found incompetent to stand trial, whether there is no substantial probability that the defendant will attain the competency to stand trial within the foreseeable future."

The resolution of the issue submitted under Subsection (d)(2) allows several methods of commitment.[2] However, such a determination relates to the original competency hearing regarding future competency, which is not the issue before us in this cause.

On January 23, 1980, this Court remanded this cause to the trial court to determine whether a retrospective competency hearing was feasible, and if so, to hold such a hearing. The normal consequence is that if the retrospective competency hearing results in a finding that petitioner was incompetent at the time of the original trial, then the proper remedy is granting petitioner a new trial. If the retrospective hearing results, as it did in the case before us, in a finding that petitioner was competent, the judgment and sentence will remain in effect. *Ex parte Winfrey*, 581 S.W.2d 698 (Tex.Cr.App.1979).

Therefore, petitioner is guaranteed a new trial in the event that the jury finds him to have been incompetent. Since a new trial is the only consequence of the retrospective competency hearing, the alternatives resulting from the resolution of Article 46.-02(4)(d)(2), supra, are not present.

Future competency under Subsection (d)(2) remains viable had the jury determined petitioner was incompetent during the original trial. The future competency will again arise if the petitioner, *at the new trial*, places his competence in issue. A new trial would allow petitioner to pursue all legal alternatives available under Article 46.02, supra, including future competence.

Having found petitioner competent at the time of the original offense, future competence is no longer in issue. Therefore, even if omission of a subsection (d)(2) issue could conceivably be deemed error, it was not reversible error. The ground of error is overruled.

■ Petitioner's final ground of error contends that the trial court erred in allowing the prosecutor to elicit testimony of an extraneous offense. At the retrospective hearing, petitioner called Dr. Jack Anderson as an expert witness. Dr. Anderson stated that he had no independent recollection of the interviews, commitment, or diagnosis of petitioner made eight years before, and that he had to rely on his testimony at the previous trial. On cross-examination, the prosecutor elicited from Dr. Anderson the fact that charges of theft against petitioner had been dropped because petitioner was civilly committed.[3] Petitioner objected to the injection of the extraneous offense. However, the prosecutor clarified that these facts had been within Dr. Anderson's previous testimony. The objection was overruled.

In *Taylor v. State*, 420 S.W.2d 601 (Tex.Cr.App.1967), this Court held that once the defense offered part of a deposition into evidence, the State could subsequently offer the remainder of the deposition, even though it included extraneous offenses. The statutory foundation can be found in Article 38.24, V.A.C.C.P., which reads:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same

---

2. The court orders commitment pursuant to Section 4, subsections (g), (h), and (i). These subsections require criminal or civil commitment under Article 46.02, Sections 5, 6, or 7, V.A.C.C.P.

3. It should be noted that under Article 5547–31, V.A.T.S., no civil commitment was allowed when criminal charges were pending. Further, it was not uncommon to exchange a criminal dismissal in exchange for a civil count.

parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

Since petitioner admitted part of Dr. Anderson's previous testimony, the introduction of the portion containing the extraneous offense was not error. The extraneous offense related to a disputed material issue in the case: appellant's competency.

At petitioner's retrospective hearing, the State built a case around petitioner's manipulative behavior. The State exposed the extraneous offense to show that, because of the *civil* commitment, the charges against the petitioner had been dismissed. Not only did the commitment result in the dismissal of charges, but subsequently petitioner escaped from custody. The State's theory focused on the facts that the commitment did not show mental incompetency, as the petitioner contends, but showed exemplary manipulative behavior. The questions concerning the extraneous offense were relevant to develop the State's theory that petitioner feigned mental illness. See *Ballew v. State* (No. 59,663, December 17, 1980) (pending on motion for rehearing). The ground of error is overruled.

Moreover, petitioner's objection to the extraneous offense is misplaced in the competency hearing. The basic purpose for the exclusion of extraneous offenses is to prevent the accused from being tried for some collateral crime or for being a criminal generally. *Campos v. State*, 589 S.W.2d 424 (Tex.Cr.App.1979). Such purpose is not applicable in a competency hearing. A petitioner's guilt or innocence is to be determined in a separate trial where extraneous offenses are generally prohibited. Article 46.02(4)(a), V.A.C.C.P. In a competency hearing, all relevant facts concerning petitioner's mental competency should be submitted to the jury. *Ex parte Watson*, supra. If the extraneous offense is relevant and material to this contested issue, it should be admitted. See, *Jones v. State*, 568 S.W.2d 847 (Tex.Cr.App.1978).

The relief requested is denied.