**Ricky Lynn HUFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 826–90.

Court of Criminal Appeals of Texas, En Banc.

April 10, 1991.

Ricky Lynn Huff, pro se.

Jeffrey L. Van Horn, Former Dist. Atty., Lockhart, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of possession of marihuana in an amount over five pounds but less than fifty pounds. See then effective V.A.C.S., Article 4476–15, § 4.051. The jury found the enhancement allegation true and assessed punishment at confinement for forty-five years. The Court of Appeals addressed the merits of appellant's contentions and overruled all of them except for his claim that the trial court had erred in denying his request for a trial on the issue of his competency to stand trial. *Huff v. State*, No. 3–87–275–CR (Tex.App.—Austin, delivered August 9, 1989). The court abated the appeal and remanded the case to the trial court to hold a retrospective trial on the issue of appellant's competency to stand trial. After remand, the Court of Appeals reviewed the evidence produced at the competency trial and held it sufficient to support the jury verdict finding appellant competent. The

court then affirmed the conviction. *Huff v. State*, No. 3–87–275–CR (Tex.App.—Austin, delivered May 9, 1990). Appellant, *pro se*, filed a petition for discretionary review contending that he had been denied his right to counsel on appeal because the Court of Appeals had summarily reviewed the record of the competency trial without requiring a brief be filed or inquiring why no brief had been filed in the appeal. See Tex.R.App.Pro. 74(*l*)(2).[1] We granted appellant's petition to address this issue.

After the appeal was abated and the cause remanded to the trial court, appointed counsel represented appellant at the competency trial. The jury found appellant competent to have stood trial. Counsel timely filed written notice of appeal and designation of the record for appeal. The record does not reflect that counsel took any further action, such as filing a brief or withdrawing from the case.

In *Jackson v. State*, 548 S.W.2d 685 (Tex.Cr.App.1977), we stated that a jury trial on the issue of a defendant's competency to stand trial held prior to the criminal trial of the offense could be appealed and reviewed by this Court when such matter was raised as part of an appeal from the trial on the merits of the criminal offense. In subsequent cases we also recognized that if the pre-trial competency hearing was not held and should have been, or was improper for some reason and merited a new hearing, the appeal would be abated and a retrospective competency hearing could be held. *Hawkins v. State*, 660 S.W.2d 65 (Tex.Cr.App.1983); *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App.1980); *Caballero v. State*, 587 S.W.2d 741 (Tex.Cr.App.1979); *Ex parte Winfrey*, 581 S.W.2d 698 (Tex.Cr.App.1979).

In *Brandon* we abated the cause for a retrospective competency trial and stated that "a record of that proceeding should be prepared in the manner required by Art. 40.09, V.A.C.C.P.," and then sent to this Court. Former Article 40.09 dealt with the record on appeal, including the filing of briefs. Now see generally Tex.R.App.Pro. 50 *et seq*. It is apparent from the opinion after abatement in that case that the defendant, through counsel, appealed issues related to the retrospective competency hearing. The abatement and remand language in *Caballero* is similar.

■  Although these cases do not specifically state that a defendant is entitled to representation by counsel for his appeal, after the retrospective competency hearing, to address issues presented at the hearing, it is apparent that such was done. On original appeal from a criminal conviction a defendant is entitled to appeal issues related to the pre-trial competency hearing; therefore, a defendant whose appeal is abated and remanded for a retrospective competency hearing is likewise entitled to appeal and to representation by counsel on appeal for issues related to the retrospective competency hearing. To do otherwise would deny a defendant an appeal that is given as of right to other defendants appealing issues from competency proceedings in an original appeal. *Jackson*, supra;

1. Rule 74(*l*)(2) states: In criminal cases, appellant's failure to file a brief in the time prescribed shall not authorize dismissal of the appeal or, except as herein provided, consideration of the appeal without briefs. When the appellant's brief has not been filed within such time, the clerk of the appellate court shall notify counsel for the parties and the trial judge that appellant's brief has not been filed. If no satisfactory response is received within ten days, the appellate court shall order the trial judge to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations. For this purpose the trial judge shall conduct such hearings as may be necessary, make appropriate findings and recommendations, and prepare a record of the proceedings. If the appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The record so made, including any orders and findings of the trial judge, shall be sent to the appellate court, which may take appropriate action to insure that the appellant's rights are protected, including contempt proceedings against counsel. If the trial judge finds that the appellant no longer desires to prosecute the appeal, or that he is not indigent but has failed to make necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.

see also *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

Since appellant is entitled to appeal issues presented by his retrospective competency hearing, he is entitled to representation, if he desires, for that appeal. Counsel who represented appellant at the competency trial filed written notice of appeal and designation of the record for appeal. The record does not reflect any further action. See and cf. *Ward v. State*, 740 S.W.2d 794 (Tex.Cr.App.1987). The absence of any assistance of counsel on appeal after the retrospective competency hearing entitles appellant to have this cause returned to the Court of Appeals to determine if appellant desires assistance of counsel. Cf. *Williams v. State*, 790 S.W.2d 336 (Tex.Cr.App.1990); *Robinson v. State*, 790 S.W.2d 334 (Tex.Cr.App.1990); *Ex parte Lopez*, 763 S.W.2d 427 (Tex.Cr.App. 1989).

The judgment of the Court of Appeals is reversed and the cause is remanded to that Court.