CR7-275 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 



ON REMAND


 




NO. 3-87-275-CR





RICKY LYNN HUFF,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 9705, HONORABLE FRED MOORE, JUDGE PRESIDING



 




PER CURIAM



 In 1987, a jury convicted appellant of possession of marihuana (greater than five
but less than fifty pounds). Texas Controlled Substances Act, 1983 Tex. Gen. Laws, ch. 425, §
6, at 2373 (Tex. Rev. Civ. Stat. art. 4476-15, § 4.051, since repealed and codified at Tex. Health
& Safety Code Ann. § 481.115(b)(5) (Pamph. 1991)). The jury found one of two pleaded
enhancement allegations true, and sentenced him to 45 years in prison. In our first opinion, we
overruled four of appellant's five points of error. (1) We abated the appeal, however, finding that
appellant was entitled to a jury determination of his competency to stand trial, and remanded for
that determination. After remand, we found the evidence sufficient to support the jury finding
of competence. Huff v. State, No. 3-87-275-CR (Tex. App.--Austin, May 5, 1990) (not
published). Appellant filed a petition for discretionary review, alleging that he had not been given
the opportunity to raise issues in connection with the competency determination. The Court of
Criminal Appeals remanded to us to allow him to do so. Huff v. State, 807 S.W.2d 325 (Tex.
Crim. App. 1991). We required the trial court to find if appellant was still represented by
counsel, and, if not, either to appoint substitute counsel or allow appellant to proceed pro se,
which he chose to do. The court found his waiver of an attorney on appeal was made knowingly
and intelligently, and approved it.

 Appellant now brings twelve points of error, but only two concern the competency
determination. As we have previously denied his motion to amend his brief to include points
arising out of his trial for the possession of marihuana offense, we will consider only the two
points related to the competency hearing. In point of error one, appellant contends that he was
deprived of a fair and impartial hearing on the issue of his competency to stand trial in violation
of article 46.02 of the Texas Code of Criminal Procedure and Art. I, § 19 of the Texas
Constitution. In point of error two, appellant contends that he was deprived of a fair and impartial
hearing on the issue of his competency to stand trial in violation of the due process and equal
protection of law clauses of the fourteenth amendment to the United States Constitution. We will
overrule both points of error.



VOIR DIRE


 Appellant bases both points of error on the same alleged errors occurring both
during voir dire and the evidentiary phase of his competency hearing. He contends that error was
committed during voir dire when the State told the panel that he was charged with possessing
marihuana in a "fairly large amount"; that he had been to prison for "various things"; and that he
was "vulnerable to a term up to 99 years or life" in prison. The prosecutor then asked of the
prospective jurors: "Is there anybody that doesn't think that's reason enough to feign or fake
incompetency?"

 A competency determination should be a separate matter from the trial of the
offense, "uncluttered by the evidence of the offense itself." Townsend v. State, 427 S.W.2d 55,
63 (Tex. Crim. App. 1968). Not every mention of the crime itself is prejudicial, however. 
Brandon v. State, 599 S.W.2d 567, 580 (Tex. Crim. App. 1979), vacated on other grounds, 453
U.S. 902 (1981); Martin v. Estelle, 546 F.2d 177 (5th Cir.), cert. denied, 431 U.S. 971 (1977). 
In Brandon, on which appellant relies, the State's remarks had been that the defendant, charged
with murdering a police officer, would go free if found incompetent. The State implied,
incorrectly, that if the jury found the defendant incompetent he could never be tried, and would
go to the Austin State Hospital, a place from which patients routinely "walked away." Brandon,
599 S.W.2d at 571. The Court said that the probative value of the evidence was outweighed by
its prejudicial value. Id. at 572. In this case, we do not have such inflammatory remarks. If the
remarks were error, the Court's charge contained an instruction that the underlying offense was
no evidence on the issue of competency, which was sufficient to cure any error.

 Appellant also points to the question concerning faking incompetence as being
improper. It is legitimate for the State to argue the theory that a defendant is feigning
incompetence in order to avoid prison. Ex parte Harris, 618 S.W.2d 369, 373 (Tex. Cr. App.
1981) (extraneous offense permissible to show manipulative rather than incompetent). The State's
question on voir dire was not improper because the State is entitled to find out if any prospective
juror will simply refuse at the outset to consider its theory.

 Appellant also contends that the prosecutor denigrated the competency standards
by the following:



If he understands what is meant by the charge and the functions of the Court, then
by my standards and, I think, by the court's standards, he's competent. . . . What
I'm trying to do is to get you away from those rather difficult and maybe somewhat
long words that are contained in the law and to give you some kind of practical
understanding of what I think those words mean and not to be taken in by the fact
that the words might be hard to understand.



Great latitude is allowed during voir dire. Battie v. State, 551 S.W.2d 401, 404 (Tex. Cr. App.
1977), cert. denied, 434 U.S. 1041 (1978). The above is simply a paraphrase of the more
technical language in part of the statute defining competency to stand trial. See Veracruz v. State,
713 S.W.2d 745, 747 (Tex. App. 1986, pet. ref'd) (not improper for State to explain spousal
privilege on voir dire; i.e., that by law State could not call defendant's spouse to testify but
defendant could).



EVIDENTIARY PHASE


 Appellant contends that the court erred in admitting certain cross-examination
testimony from defense witness Robert Hatcher, who was at one time appellant's attorney, was
error. The objectionable testimony was that Hatcher had informed appellant of the enhancement
allegations, and the corresponding range of punishment, and that Hatcher knew that appellant had
been charged with possessing a "backyard full" of marihuana. Appellant also contends that
testimony elicited on cross-examination from Leonard Martinez, a defense witness and former
attorney for appellant, should not have been allowed. Martinez testified that appellant had been
convicted of the underlying offense of possession of marihuana and had appealed the conviction.
He also contends that the court erred in allowing Martinez to testify that competency had been
raised pre-trial and overruled.

 The disposition of all three complaints is the same. The testimony in each instance
also had been elicited by appellant's own counsel. (Appellant was represented by counsel at the
competency hearing.) Therefore, any error in its admission would have been harmless. Brown
v. State, 757 S.W.2d 739 (Tex. Crim. App. 1988); Anderson v. State, 717 S.W.2d 622, 628 (Tex.
Crim. App. 1986).

 We affirm the finding of competency to stand trial and we affirm appellant's
conviction.


[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: September 25, 1991

[Do Not Publish]
1. [1] Appellant contended that the court erred in: (1) denying his request for a jury trial on
competency; (2) denying his motion to suppress; (3) overruling his objection to the court's charge;
(4) overruling his objection to the State's jury argument; and (5) permitting the introduction into
evidence of the "pen packets" used to prove the prior convictions alleged in the enhancement
counts of the indictment. Huff v. State, No. 3-87-275-CR (Tex. App.--Austin, August 9, 1989)
(not published).