IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-65,068-01 & 65,068-02






EX PARTE KELVIN DEMOND LAWTON, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. F-0000823-K & F-99-29585-K IN CRIMINAL DISTRICT COURT


NUMBER FOUR FROM DALLAS COUNTY






 Per curiam.

 

ORDER



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
sexual assault and burglary with intent to commit sexual assault and sentenced to 35 years'
imprisonment for each cause. He did not appeal his convictions.

 Applicant contends that he should have received a second competency hearing prior to the
trial court accepting his pleas of guilty. The trial court found that a reasonable probability exists that
Applicant was mentally incompetent at the time of his pleas. Applicant has a long history of mental
illness. Two months prior to trial, a hearing was held to determine Applicant's competency to stand
trial. A jury determined that Applicant was competent to stand trial. Applicant pleaded guilty to the
offenses after two days of testimony. On the day Applicant pleaded guilty, Dr. Kessner (1) informed
Applicant's counsel that she was concerned that Applicant was not competent to enter a guilty plea,
but counsel failed to bring this information to the court's attention. 

 Based on a review of the record and the affidavits filed, we find that Applicant may be
entitled to relief. In cases where defendants were denied effective assistance of counsel at their
competency hearing, where the competency hearing was improper for some reason, or where a trial
court erroneously failed to hold a competency hearing, we have held that the proper relief is a
retrospective competency hearing. Huff v. State, 807 S.W.2d 325 ( Tex. Crim. App. 1991); Hawkins
v. State, 660 S.W.2d 65 (Tex. Crim. App. 1983)(vacated on other grounds, 494 U.S. 1013; 110 S.
Ct. 1313; 108 L. Ed. 2d 489; 1990)); Brandon v. State, 599 S.W.2d 567 (Tex. Crim. App.
1980)(vacated on other grounds, 453 U.S. 902, 101 S. Ct. 3134, 69 L. Ed. 2d 988 (1981)); Garcia
v. State, 595 S.W.2d 538 (Tex. Crim. App. 1980); Callaway v. State, 594 S.W.2d 440 (Tex. Crim.
App. 1980); Caballero v. State, 587 S.W.2d 741 (Tex. Crim. App. 1979); Ex parte Winfrey, 581
S.W.2d 698 (Tex. Crim. App. 1979).

 Applicant's trial took place more than six years ago. We remand these cases to the trial court
to determine if it is feasible to conduct a retrospective competency hearing and, if it is, to hold such
a hearing. If a retrospective hearing is feasible, the trial court shall enter findings of fact regarding
Applicant's competency and transmit those findings to this Court for further disposition. A record
of that proceeding shall be prepared and transmitted to this Court. If such a hearing is held, the court
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 If a retrospective hearing is not feasible, the trial court shall enter findings of fact to that
effect and transmit those findings to this Court for further disposition. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
transcription of the court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days
of the date of this order. Any extensions of time shall be obtained from this Court. 


Delivered: December 13, 2006

Do Not Publish
1. Dr. Kessner was an expert for the defense who was in the courtroom on the day
Applicant pleaded guilty to testify at the trial. Dr. Kessner informed defense counsel of her
concerns for Applicant's competency when she was informed of Applicant's intention to change
his plea.