IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,447-01






EX PARTE CHRISTOPHER GARRETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1000658-A IN THE 177TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

ORDER



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and after a period
of deferred adjudication was convicted of sexual assault of a child. He was sentenced to twenty
years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
investigate Applicant's medical records and competency. The trial court found that counsel should
have investigated further and raised the issue of competency prior to Applicant's guilty plea. 

 Based on a review of the record, we find that Applicant may be entitled to relief. In cases
where defendants were denied effective assistance of counsel at their competency hearing, where the
competency hearing was improper for some reason, or where a trial court erroneously failed to hold
a competency hearing, we have held that the proper relief is a retrospective competency hearing. 
Huff v. State, 807 S.W.2d 325 ( Tex. Crim. App. 1991); Hawkins v. State, 660 S.W.2d 65 (Tex.
Crim. App. 1983)(vacated on other grounds, 494 U.S. 1013; 110 S. Ct. 1313; 108 L. Ed. 2d 489;
1990)); Brandon v. State, 599 S.W.2d 567 (Tex. Crim. App. 1980)(vacated on other grounds, 453
U.S. 902, 101 S. Ct. 3134, 69 L. Ed. 2d 988 (1981)); Garcia v. State, 595 S.W.2d 538 (Tex. Crim.
App. 1980); Callaway v. State, 594 S.W.2d 440 (Tex. Crim. App. 1980); Caballero v. State, 587
S.W.2d 741 (Tex. Crim. App. 1979); Ex parte Winfrey, 581 S.W.2d 698 (Tex. Crim. App. 1979).

 Applicant's guilty plea took place approximately six years ago. We remand this case to the
trial court to conduct a retrospective competency hearing. The trial court shall empanel a jury upon
request of either party or on its own motion, pursuant to Tex. Code Crim. Proc. Art. 46B.051(a). 
Otherwise, the court shall proceed pursuant to Tex. Code Crim. Proc. Art. 46B.051(b). A record
of that proceeding shall be prepared and transmitted to this Court.

 It appears that Applicant is represented by counsel. The court shall determine if Applicant
is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
transcription of the court reporter's notes from the hearing, along with any supplemental findings
of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this
order. Any extensions of time shall be obtained from this Court. 


Delivered: June 8, 2011

Do Not Publish