FILED IN
COURT OF CRIMINAL APPEALS

August 24, 2015

ABEL ACOSTA, CLERK

WR-82,875-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/24/2015 12:00:00 AM
Accepted 8/24/2015 8:13:17 AM
ABEL ACOSTA
CLERK

**NO. WR-82,875-01 and WR-82,875-02**

# IN THE TEXAS COURT OF CRIMINAL APPEALS

## In re STATE OF TEXAS ex rel. JOHN F. HEALEY, JR., District Attorney, 268TH JUDICIAL DISTRICT, Relator

---

## ON PETITIONS FOR WRITS OF MANDAMUS AND PROHIBITION FROM CAUSE NO. 10-DCR-054233 IN THE 268TH DISTRICT COURT, FORT BEND COUNTY

---

## Real Party in Interest's Reply Brief on Designated Issues

*Death Penalty Case*

**ROBERT A. MORROW**
State Bar No. 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas  77380
Telephone: 281-379-6901
ramorrow15@gmail.com

**AMY MARTIN**
State Bar No. 24041402
202 Travis St., Suite 300
Houston, Texas 77002
Telephone: 713-320-3525
amymartinlaw@gmail.com

Attorneys for Albert James Turner

*Oral Argument Requested*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES _____3

STATEMENT REGARDING ORAL ARGUMENT _____4

DESIGNATED ISSUES _____5

    1.   Must a defendant be presently competent in order for a retrospective competency trial to occur? _____5

    2.   If so, does the trial court have the authority to require a jury to determine the issue of present competency? _____5

ARGUMENT _____6

CONCLUSION_____12

CERTIFICATE OF COMPLIANCE_____14

CERTIFICATE OF SERVICE _____15

# INDEX OF AUTHORITIES

## CASES

*Armstrong v. State*, 340 S.W.3d 759, 765 (Tex. Crim. App. 2011)................................ 7

*Callaway v. State*, 594 S.W.2d 440, 443 (Tex. Crim. App. 1980). ............................... 9

*Drope v. Missouri*, 420 U.S. 162, 183 (1975)............................................................... 7

*Ex parte Hagans*, 558 S.W.2d 457, 463 (Tex. Crim. App. 1977) ................................. 9

*Ex parte Mines*, 26 S.W.3d 910 (Tex. Crim. App. 2000) ............................................. 8

*Ex parte Watson*, 606 S.W.2d 902 (Tex. Crim. App. 1980)................................... 8, 11

*Ex parte Winfrey*, 581 S.W.2d 698, 699 (Tex. Crim. App. 1979) ................................. 9

*Greene v. State*, 264 S.W.3d 271, 272 (Tex. App.—San Antonio 2008) ..................... 11

*Huff v. State*, 807 S.W.2d 325, 326-7 (Tex. Crim. App. 1991) ..................................... 9

*In re Allen*, 462 S.W.3d 47, 48 (Tex. Crim. App. 2015) ............................................. 11

*Martin v. Estelle*, 583 F.2d 1373, 1374 (5th Cir. 1978)............................................. 11

*Ryan v. Gonzales*, 133 S.Ct. 696 (2013) ...................................................................... 8

*Smith v. Flack*, 728 S.W.2d 784, 788-89 (Tex. Crim. App. 1987) ................................ 8

*State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007)............................... 10

*State v. Thomas*, 428 S.W.3d 99, 105 (Tex. Crim. App. 2014), *reh'g denied* (May 21, 2014) .... 10

## TEXAS RULES OF APPELLATE PROCEDURE

Rule 9.4(i)(3)................................................................................................................ 14

Rule 21.1 ........................................................................................................................ 9

Rule 21.9 ........................................................................................................................ 9

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would be helpful in this case. The designated issues address fundamental, constitutional components of a judicially created process as applied in a death penalty case. Given the extraordinary nature of mandamus relief, a verbal exchange by the Relator and Real Party in Interest and the opportunity for this Court to pose questions to the parties will assist in the Court's analysis.

**NO. WR-82,875-01 AND WR-82,875-02**

**IN THE TEXAS COURT OF CRIMINAL APPEALS**

**In re STATE OF TEXAS ex rel. JOHN F. HEALEY, JR., District Attorney, 268TH JUDICIAL DISTRICT, Relator**

---

**REAL PARTY IN INTEREST'S REPLY BRIEF ON DESIGNATED ISSUES**

---

**TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:**

Now comes Albert James Turner (the real party in interest), by and through his undersigned counsel, and files this Reply Brief on Designated Issues.

DESIGNATED ISSUES

Relator, Mr. Turner, and the trial court have briefed the following issues:

1. Must a defendant be presently competent in order for a retrospective competency trial to occur?

2. If so, does the trial court have the authority to require a jury to determine the issue of present competency?

## ARGUMENT

A retrospective competency trial is unlike any other proceeding in law and it must be addressed as such. Although there may be similarities with other statutory procedures, they are minor compared with the differences. Most distinctive is that a retrospective competency trial is an attempt to take the trial court, parties, defendants, and witnesses back to a period of time when a fundamental mistake was made.

It's a criminal proceeding in which a defendant has due process rights, including a right to effective assistance of counsel during the proceeding and on direct appeal. It is unconstitutional unless a court explicitly determines that is feasible; this Court and the U.S. Supreme Court continue to repeatedly and directly warn of the dangers of attempting to rewind the clock.

If this proposed remedy has any hope of being successful, constitutionally and factually, a defendant must be competent during the trial. The trial court who is familiar with the facts and impediments to conducting a constitutionally sound retrospective competency trial has the authority to permit a jury to make the determination of the defendant's current competency if appropriate.

## A DEFENDANT MUST BE PRESENTLY COMPETENT IN ORDER FOR A RETROSPECTIVE COMPETENCY TRIAL TO OCCUR

### *One of a kind*

A retrospective competency trial must be examined as the unique thing that it is. It is an acknowledgement that a defendant has been denied due process. It is a risky attempt to remedy that error. So risky that without a formal finding of feasibility it is unconstitutional to proceed. *Drope v. Missouri*, 420 U.S. 162, 183 (1975). It is not created or guided by statute.

A retrospective competency trial does not just *look* back in time, it purports to *take* the defendant back in time to the point at which he was denied due process[1].

### *Criminal proceeding*

A retrospective competency trial is a criminal proceeding. This Court has the power to determine what proceedings are criminal law matters. *Armstrong v. State*, 340 S.W.3d 759, 765 (Tex. Crim. App. 2011). This Court has exercised jurisdiction over this mandamus proceeding and because it may do so only in "criminal law matters," this is necessarily a criminal law matter. Tex. Const. art. V, § 5.

A criminal proceeding remains criminal "even if it requires this Court to examine civil laws in the process. Were it otherwise, this Court's power to decide

---

[1] The point of time will, in fact, span many months because the law requires that a defendant be competent for the entirety of the proceedings.

criminal law matters would be seriously eroded or eliminated altogether by the incidental presence of civil law matters." *Smith v. Flack*, 728 S.W.2d 784, 788-89 (Tex. Crim. App. 1987).

### *This is not a federal habeas petition*

In *Ryan v. Gonzales*, 133 S.Ct. 696 (2013) the U.S. Supreme Court held that "Given the backward-looking, record based nature of *most* federal habeas proceedings, counsel can *generally* provide effective representation" irrespective of the petitioner's competency. (emphasis added). *Ryan* at 704.

The Supreme Court's language makes it clear the holding was not meant to be universally applicable to all federal habeas cases.

It has no applicability to a retrospective competency trial. A retrospective competency trial is not solely record based. This Court has held that evidence is not limited to what was available at the time of the trial. In fact, this Court held that in Watson, "post-dated evidence enhanced the accuracy of the assessment of competency." *Ex parte Watson*, 606 S.W.2d 902 (Tex. Crim. App. 1980).

### *This is not a state habeas petition*

This Court held that there is no right to counsel in state habeas proceedings. *Ex parte Mines*, 26 S.W.3d 910 (Tex. Crim. App. 2000). A retrospective competency trial is not a collateral attack upon a conviction. It is a flawed substitute for a trial that a defendant was erroneously denied.

This Court has made this distinction clear.  A defendant does not have a right to counsel in state habeas proceedings, but does have a right to counsel in a retrospective competency trial and in an appeal from that trial.  *Huff v. State*, 807 S.W.2d 325, 326-7 (Tex. Crim. App. 1991).

Even in a traditional competency trial, there are many procedural protections in place for a defendant.  A competency jury must be different than the one that determines culpability or a defendant's due process rights are violated.  *Ex parte Hagans*, 558 S.W.2d 457, 463 (Tex. Crim. App. 1977).  A competency trial jury is not permitted to hear about the facts of the offense.  *Callaway v. State*, 594 S.W.2d 440, 443 (Tex. Crim. App. 1980).A defendant has a right to a proper jury instruction regarding competency. *Ex parte Winfrey*, 581 S.W.2d 698, 699 (Tex. Crim. App. 1979)

Because of the dangers of a retrospective competency trial, the court must be even more vigilant in ensuring that the trial can be, and is, done in accordance with due process.

### *It is not a motion for a new trial*

When a new trial is granted, "the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Tex. R. App Rule 21.1.  When a retrospective competency trial is granted, nothing is set aside and a defendant is not restored to his "position before the former trial." Tex. R. App Rule 21.9.

9

Even if this Court were to consider a trial court's discretion in granting a trial in the interest of justice as analogous, Respondent has not abused his discretion.

In *Herndon*, cited by realtor, this Court held that the trial court did not abuse its discretion. *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). This Court has consistently recognized the broad discretion of the trial court. Although there are some limitations, they are minimal and the purpose is only to preserve the rule of law. For example, a court "cannot grant a new trial on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or 'received a raw deal'." *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). There must be a "valid legal claim." *State v. Thomas*, 428 S.W.3d 99, 105 (Tex. Crim. App. 2014), *reh'g denied* (May 21, 2014).

## THE TRIAL COURT HAS THE AUTHORITY TO REQUIRE A JURY TO DETERMINE THE ISSUE OF PRESENT COMPETENCY

### *Seating a jury is not a ministerial act: granting leave was improvident*

This Court has ordered the trial court to make a determination of feasibility and, in accordance with the law, that determination is to take into account all "pertinent considerations." A court "must take the initiative to insure that all

relevant evidence comes before it." *Martin v. Estelle*, 583 F.2d 1373, 1374 (5th Cir. 1978).

In *Watson*, the petitioner argued that his retrospective competency trial was improper because, without objection, "the trial court erred in failing to enter an order to the effect that it was possible to conduct a retrospect competency hearing." *Ex parte Watson* at 906. That point was overruled.

He also argued that he was entitled to have a jury determine feasibility; this Court held that he was not entitled. However, this Court did not prohibit a trial court from empaneling a jury, or having a jury trial to only determine present competency.

### *In re Allen*

*In re Allen* is a death penalty case in which the trial judge granted a motion for a pre-trial determination of intellectual-disability. 3 months ago, this Court held that "[t]he uncertainty surrounding intellectual-disability determinations prevents labeling the judge's actions a violation of a ministerial duty." *In re Allen*, 462 S.W.3d 47, 48 (Tex. Crim. App. 2015).

The law provides even less guidance for feasibility determinations and present competency for retrospective competency trials. While this Court was able to cite to multiple statutes and cases addressing the issue of pre-trial determinations of intellectual-disability, present competency for a retrospective competency trial is only referenced in *Greene v. State*, 264 S.W.3d 271, 272 (Tex. App.—San Antonio 2008).

"If the law surrounding a court's action is unclear, mandamus relief may not issue despite how unwise we think the action may have been. At times, it is an exercise akin to judicial restraint." *In re Allen*, 462 S.W.3d 47, 52-53 (Tex. Crim. App. 2015).

Respondent's act of empaneling a jury to make the decision regarding current competency is not a violation of a ministerial duty and leave to file a petition for mandamus was improvidently granted.

## CONCLUSION

Every measure must be taken to ensure that a retrospective competency trial only occurs when the challenges of conducting such a proceeding have been found to be minimal enough not to threaten a defendant's constitutional rights based on the particular facts of the case. A defendant must be presently competent to preserve his due process rights.

This Court has tasked the trial court with determining what "pertinent factors" should be considered when determining feasibility and the trial court has correctly determined that current competency is essential given the facts of this case. A jury is the proper vehicle to determine a defendant's current competency.

WHEREFORE, PREMISES CONSIDERED, the real party in interest respectfully requests that this Court rescind its grant of leave to file petitions for

writs of mandamus and/or prohibition and that this case be remanded to the trial court to proceed with the feasibility determination based on the facts in this case.

Alternatively, the real party in interest requests that this Court hold that a defendant must be presently competent in order for a retrospective competency trial to occur and that the trial court has the authority to require a jury to determine the issue of present competency.

Respectfully submitted,

/s/ Robert A. Morrow
_____
ROBERT A. MORROW
State Bar No. 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
Telephone: (281) 379-6901
ramorrow15@gmail.com


/s/ Amy Martin
_____
AMY MARTIN
State Bar No. 24041402
202 Travis St., Suite 300
Houston, Texas 77002
Telephone: (713)320-3525
amymartinlaw@gmail.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this petition contains 2,393 words in its entirety. This is a computer-generated document created in Microsoft Word using a conventional l4-point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count of the computer program used to prepare this document.

/s/ *Robert A. Morrow*
_____
Robert A. Morrow

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Brief on Designated Issues was delivered electronically on August 23, 2015 to:

1. **Relator**

The State of Texas

*Represented by:*

John F. Healy, Jr., Fort Bend County District Attorney

Fred Felcman, Assistant District Attorney
Fred.Felcman@fortbendcountytx.gov
State Bar No. 06881500

Gail Kikawa McConnell, Assistant District Attorney
Gail.McConnell@fortbendcountytx.gov
State Bar No. 11395400

301 Jackson St.
Richmond, Texas  77469
Telephone: 281-341-4460
Fax: 281-341-4440

2. **Respondent**

The Honorable Brady Elliott
Trial Court Judge
368th Judicial District Court of Fort Bend County, Texas
1422 Eugene Heimann Circle
Richmond, Texas  77469

/s/ *Robert A. Morrow*
ROBERT A. MORROW