

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-87,872-01

### EX PARTE DAO MINH TRUONG, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W199-80748-2013-HC IN THE 199TH DISTRICT COURT
### FROM COLLIN COUNTY

KELLER, P.J., filed a dissenting opinion in which RICHARDSON, YEARY and KEEL, JJ., joined.

Applicant was tried for murder and convicted five years ago. He was sentenced to fifty-eight years' incarceration. In this habeas action, he claims that counsel was ineffective for failing to investigate and litigate his competency to stand trial. In *Ex parte LaHood*, we held that, to show prejudice for this type of claim, an applicant must show "a reasonable probability that he would have been found incompetent to stand trial if the issue of competency had been raised and fully considered."[1] To meet this requirement for showing prejudice, Applicant produced expert testimony and affidavits and testimony from family members. The habeas court concluded that Applicant was

---

[1] 401 S.W.3d 45, 54 (Tex. Crim. App. 2013).

incompetent to stand trial at the time of trial and recommended granting a new trial.[2] This Court

agrees and orders a new trial.

In *LaHood*, in addition to his ineffective assistance claim, we filed and set the issue of what

remedy is appropriate when counsel has been found ineffective for failing to properly litigate a claim

of incompetency— "whether the proper remedy is to order a retrospective competency inquiry or to

grant a new trial."[3] We did not reach that issue in *LaHood* because we determined that LaHood had

not met the prejudice prong of his ineffective assistance of counsel claim.[4] We still have not

addressed that issue, and it is ripe for examination in this case.

When we reverse a case on direct appeal because the trial court has erroneously refused to

hold a competency trial, the remedy is to remand to the trial court for a retrospective competency

inquiry.[5] It would be irrational to grant more relief on habeas for an ineffective assistance claim than

would have been obtained on direct appeal for the underlying competency claim. Whether being

deprived of a competency trial is caused by trial court error or by counsel's deficient performance,

the result is the same, and the remedy should be the same.

We have ordered retrospective competency inquiries in habeas proceedings when the claim

is that an applicant was erroneously deprived of a competency determination.[6] There is no logical

---

[2] Applicant's expert indicated that Applicant is now incompetent to stand trial and would also have been incompetent at the time of trial.

[3] *Id.* at 49.

[4] *Id.* at 57.

[5] *Boyett v. State*, 545 S.W.3d 556, 566 (Tex. Crim. App. 2018).

[6] *Ex parte Harris*, 592 S.W.2d 624, 625 (Tex. Crim. App. 1980) (remanding for a feasibility determination, and if feasible, a competency trial, then requiring record to be forwarded back to this

reason to do otherwise when the deprivation of a competency trial is the result of counsel's deficient performance. Any competency trial should follow current statutory procedures, including the impaneling of a jury if requested by one of the parties.[7]

I would remand this case to the habeas court for a retrospective competency inquiry. Because the Court does not, I respectfully dissent.

Filed: December 19, 2018
Publish

---

Court for further disposition); *Ex parte Winfrey*, 581 S.W.2d 698, 699 (Tex. Crim. App. 1979) (holding that the trial court was to determine feasibility of a retrospective competency trial and if it was, conduct such a trial in accordance with statutory procedures, and if not, or if applicant was found incompetent after a retrospective competency trial, order a new trial). *See also Ex parte Garrett*, No. WR-75,447-01, 2011 Tex. Crim. App. Unpub. LEXIS 423, *1-2 (Tex. Crim. App. June 8, 2011) (not designated for publication) (remanding the case to conduct a retrospective competency hearing, which would include impaneling a jury, if requested by either party, as required by statute).

[7] *See* TEX. CODE CRIM. PROC. art. 46B.051; *see also supra* at n.6.