# NO. 12-21-00124-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BILLY RAY PEGUES,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

In seven issues, Billy Ray Pegues appeals his conviction for aggravated robbery. We reverse and remand.

### BACKGROUND

Appellant was indicted for aggravated robbery, a first-degree felony.[1] The trial court appointed counsel and referred Appellant to Joseph Kartye, a licensed psychologist, for a competency evaluation.

Dr. Kartye filed his evaluation with the court on December 10, 2019. According to the report, Kartye informed Appellant of the purpose, scope, and possible outcomes of the competency examination, that he was required to relay his findings to the trial court, and that Appellant could refuse to answer any questions. Appellant declined to answer any questions. Kartye noted that Appellant was "defensive but also belligerent and confrontive." Appellant returned to his cell.

Kartye interviewed the lieutenant at the Angelina County jail, who informed Kartye that Appellant was housed in a cell with other inmates, interacted appropriately with other inmates

---

[1] TEX. PENAL CODE ANN. §§ 12.32(a), 29.03(a)(2) (West 2019).

and staff, exhibited no unusual behavior, and was not taking any medications. Kartye reviewed Appellant's jail medical records, but found no medical or psychiatric history to reference, and reviewed two letters from Appellant to the district attorney. Ultimately, Kartye opined that Appellant had significant psychiatric issues, including paranoid delusions and grandiosity, which would interfere with his ability to assist his attorney. Kartye listed paranoid schizophrenia as his diagnostic impression and found Appellant incompetent to stand trial. He recommended that Appellant be transferred to a psychiatric facility for additional evaluation, diagnosis, and treatment.

On January 15, 2020, Appellant appeared before the trial court with his counsel and State's counsel for a pretrial hearing. Appellant's counsel told the court that Appellant disagreed with Kartye's findings and believed himself competent to stand trial. The court asked Appellant several questions about his competency. After questioning Appellant, the trial court declared him competent to stand trial.

On September 16, Appellant's counsel filed a subsequent motion for a psychiatric evaluation of Appellant to determine his competency to stand trial. On September 17, the trial court appointed Kartye to conduct a second competency evaluation of Appellant. However, the record contains no report, nor is there any indication from the record that Appellant was ever evaluated a second time prior to trial.

Appellant's trial began on July 19, 2021. The jury convicted Appellant of aggravated robbery and sentenced him to life in prison. Appellant filed a motion for new trial, which was denied. This appeal followed.

## COMPETENCY TO STAND TRIAL

In issue one, Appellant argues that the trial court abused its discretion by finding him competent to stand trial without holding a formal competency examination.

On September 7, 2022, this Court sustained this issue, abating the appeal and remanding the case to the trial court to determine (1) whether a retrospective competency trial is feasible and, if so, to conduct such trial; and (2) prepare written findings as to whether a retrospective competency trial is feasible and the results of any such trial. We explained as follows:

> In this case, the trial court did not follow the procedures outlined in the statutory framework. Instead, the trial court referred Appellant to Dr. Kartye for a competency evaluation, presumably

2

at a credible suggestion of incompetency. Thereafter, Dr. Kartye made a report to the court in which Dr. Kartye opined that Appellant was incompetent to stand trial and should be transferred to a psychiatric facility for competency restoration. The trial court essentially ignored Dr. Kartye's findings, questioned Appellant, and deemed him competent. This is not an acceptable process under the law. Dr. Kartye's report certainly provided "more than a scintilla" of evidence that would support a rational finding of fact that Appellant was incompetent to stand trial. Therefore, a formal competency trial was required.

*Pegues v. State*, No. 12-21-00124-CR (Tex. App.—Tyler Sept. 7, 2022) (order) (internal citations omitted); *see* TEX. CODE CRIM. PROC. ANN. arts. 46B.003, 46B.004, 46B.005 (West 2018) (setting forth substantive and procedural framework for making competency determinations to ensure that legally incompetent criminal defendants do not stand trial); *see also Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018) (trial court employs two-step process for making competency determinations before it may ultimately conclude defendant is incompetent to stand trial: (1) an informal inquiry, and (2) a formal competency trial).

On September 26, the trial court held a hearing to determine whether a retrospective competency trial is feasible. Both the State and Appellant's counsel agreed that such a trial is feasible, and they discussed needing testimony from two witnesses: Kartye and Appellant's trial counsel. The trial court made the following findings: (1) the State and Appellant agree a retrospective trial is feasible, (2) Appellant requested a jury trial on the issue of competency, (3) the trial court consents to the retrospective feasibility of a trial, (4) trial counsel has a serious health issue "at this time to testify at trial or give a deposition," (5) trial counsel has "relevant evidence which is essential to the competency question," and (6) trial counsel is expected to be in inpatient physical therapy for four to six weeks. The trial court requested an extension of time to hold a retrospective competency trial and we granted the motion to November 18.

On November 16, the trial court filed a response to our order, which stated that it is unable to conduct a retrospective competency trial because Appellant's trial counsel died, and such a trial is not feasible. The trial court concluded that Pegues should be "granted a new trial and be evaluated to stand trial and if he is competent, the parties will proceed to trial." This Court requested responses from the State and Appellant's appellate counsel, but none were filed.

"A criminal defendant who is incompetent may not be put to trial without violating due process." *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013). Because the trial court determined that a retrospective competency evaluation is not feasible, the appropriate disposition of this appeal is to reverse Appellant's conviction and remand for a new trial. *See Ex parte*

*Winfrey*, 581 S.W.2d 698, 699 (Tex. Crim. App. 1979) (if it is not possible to make a retrospective determination of applicant's competency, or if applicant is found to have been incompetent when tried, he must have a new trial); *see also* **Guerra v. State**, No. 11-21-00010-CR, 2022 WL 16984318, at *3 (Tex. App.—Eastland Nov. 17, 2022, no pet. h.) (mem. op., not designated for publication) (reversing appellant's revocation of community supervision and remanding for a new trial where trial court determined retrospective competency trial was not feasible).

## DISPOSITION

We reaffirm our previous holding sustaining Appellant's first issue. Because a retrospective competency trial is not feasible under the circumstances of this case, we *reverse* Appellant's conviction and *remand* for a new trial.[2]

**BRIAN HOYLE**
Justice

Opinion delivered December 7, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Having sustained Appellant's first issue, reversed Appellant's conviction, and remanded for a new trial, we need not address Appellant's remaining issues. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 7, 2022**

**NO. 12-21-00124-CR**

**BILLY RAY PEGUES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2019-0706)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*